JOHN KEY *et al.,* Indiv. and as representatives of the class of persons similarly situated and commonly referred to as "Operators of White Hen Pantries," Plaintiffs-Appellants, v. JEWEL COMPANIES, INC., Defendant-Appellee.

First District (1st Division)   No. 87—3881

Opinion filed October 31, 1988.

Hartunian, Futterman & Howard, Chartered, of Chicago (Aram A. Hartunian and James G. Bradtke, of counsel), for appellants.

McDermott, Will & Emery, of Chicago (Wilber H. Boies, N. Rosie Rosenbaum, and Paul J. Kozacky, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order granting defendant Jewel Companies' motion to strike class action allegations from plaintiffs' second amended complaint. Interlocutory appeal was allowed pursuant to Supreme Court Rule 308. (107 Ill. 2d R. 308.) The following questions were certified for appeal:

"(1) Whether the trial court erred under section 2—801 of the Illinois Code of Civil Procedure in granting defendant's motion to strike class allegations on the grounds that:

Any common questions of law in this case are overshadowed by both questions of fact and particular applications of the law that would exist as to these franchisees.

Each plaintiff, and therefore class member thereafter, would have to prove that White Hen Pantry's conduct caused his business injury.

Any class action herein therefore would require *** hundreds of new trials.

As pronounced in the *Getz* [*sic*] case and the *Rice* case before that, the point is that a class cannot be certified where the claimed injury would require an individual analysis of causation.

*** [A] favorable ruling as to a named plaintiff will not necessarily establish a right of recovery in the other class members.

(2) Whether the court's July 17, 1987 Order striking the class allegation from plaintiffs' second amended complaint was proper."

The procedural history of this litigation is set out below, in somewhat abbreviated form. Pertinent factual material about the parties which was the basis for the trial court's class action determination is addressed in our discussion of the issues as presented by the parties on appeal.

This case was filed by plaintiffs John and Rita Key and Thomas

and Dulce Smikoski on December 13, 1981. Plaintiffs were seeking a declaratory judgment that the standard franchise agreement of defendant White Hen Pantry (WHP) (then a division of Jewel Companies, Inc.) should be construed as giving rise to an employment relationship rather than a franchise relationship, with damages to be awarded to the "employees." The case was initially certified as a class action in November 1982 by Judge George Higgins in an order providing that the certification was conditional and could be amended before a decision on the merits pursuant to section 2—802 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—802).

Following depositions of the named plaintiffs, White Hen Pantry moved to decertify the alleged class on February 14, 1986. Consideration of decertification was deferred to allow plaintiffs to amend the pleadings.

In the second amended complaint, the plaintiffs asserted a new claim of breach of fiduciary obligation, repleaded the pending fraudulent misrepresentation claim, asserted a claim under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*) and repleaded a claim under the Franchise Disclosure Act (Ill. Rev. Stat. 1985, ch. 121½, par. 701 *et seq.*) that had previously been dismissed. The trial court again dismissed the Franchise Disclosure Act claim but the motion to strike the class allegations was denied subject to reconsideration after the pleadings were completed.

White Hen Pantry then filed a verified answer and affirmative defenses and also filed a renewed motion to strike the class allegations. After further briefing and oral argument, then presiding Judge Robert Sklodowski[1] granted defendant's motion to strike the class allegations on the basis that any common questions of law in this case were overshadowed both by questions of fact and by particular applications of the law that would exist as to individual franchisees. Plaintiffs appealed.

The first issue to be considered is whether, as plaintiffs contend, the trial court applied the wrong standard when it considered defendant's motion because it placed a burden on the plaintiffs to show that proof of their claims would "necessarily establish a right of recovery in the other class members."

■ Certification of class actions in Illinois is governed by section 2—801 (Ill. Rev. Stat. 1981, ch. 110, par. 2—801), which provides that

---

[1]Judge Sklodowski assumed Judge Higgins' calendar following Judge Higgins' retirement.

a class action is proper where each of four elements is met:

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

The question of whether to certify a purported class is a matter within the sound discretion of the trial court, and the trial court will be reversed only upon a showing of a clear abuse of discretion or the application of impermissible legal criteria. *Schlenz v. Castle* (1981), 84 Ill. 2d 196, 203-04, 417 N.E.2d 1336, *appeal dismissed* (1981), 454 U.S. 804, 70 L. Ed. 2d 73, 102 S. Ct. 76; *Carrao v. Health Care Service Corp.* (1983), 118 Ill. App. 3d 417, 427, 454 N.E.2d 781, *appeal denied* (1984), 96 Ill. 2d 566.

■ The basis of the trial court's decision to decertify the class was that the second requirement of the statute was not met. The trial court found that any common questions of law in this case were overshadowed both by questions of fact and by particular applications of the law that would exist as to individual franchisees and expressed the belief that each plaintiff and thereafter every class member would have to prove that the conduct of WHP was the proximate cause of his business injury. In reaching its decision to decertify the class, the trial court considered, among other things, the transcripts of depositions of the six named plaintiffs with respect to how they became franchisees and how they operated their stores, affidavits and deposition transcripts of WHP personnel about the operation of the franchise system, the franchise system disclosure and offering documents and the execution of mutual releases by most of the former franchisees. We believe that the trial court properly applied the legal criteria of section 2—801 in concluding that class action treatment was inappropriate here.

Plaintiffs' contention that the trial court used an improper legal standard is based on the trial court's concluding statement in the July 17, 1987, order that a "favorable ruling as to a named plaintiff will not necessarily establish a right of recovery in the other members."

In stating this conclusion, the trial court recognized that the named plaintiffs' proof that defendant's conduct caused their business failures would not necessarily mean that defendant's conduct was the

proximate cause of the failure of any of the other WHP franchisees. Far from imposing an unfair burden on the plaintiffs, the trial court's statement simply echoes language in numerous other cases affirming denials of class certification on the basis that successful adjudication of the individual claims of the class representatives would not necessarily establish a right of recovery in other class members. See, *e.g., Scott v. Ambassador Insurance Co.* (1981), 100 Ill. App. 3d 184, 187, 426 N.E.2d 952; *Society of St. Francis v. Dulman* (1981), 98 Ill. App. 3d 16, 18, 424 N.E.2d 59; *Goetz v. Village of Hoffman Estates* (1978), 62 Ill. App. 3d 233, 236, 378 N.E.2d 1276; *Barton Chemical Corp. v. Hertz Corp.* (1977), 52 Ill. App. 3d 214, 217, 367 N.E.2d 398, *appeal denied* (1977), 66 Ill. 2d 638.

▮ Plaintiffs' position is that under the statute governing the certification of class actions (Ill. Rev. Stat. 1985, ch. 110, par. 2—801), it is not necessary that all of the questions be common to all of the class members. Rather, under *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 338, 371 N.E.2d 634, there must be a common question of fact or law which predominates over individual questions. Plaintiffs also rely on *Wenthold v. AT&T Technologies, Inc.* (1986), 142 Ill. App. 3d 612, 618, 491 N.E.2d 1263, in which the court noted that class actions are not barred if some class members are not entitled to relief due to some particular factor.

Plaintiffs claim that the trial court failed to give proper weight to the common questions of fact and law as evidenced by the fact that the court's remarks did not identify the facts that led the court to decide that continued certification was not appropriate. Plaintiffs argue that White Hen Pantry had identical relationships with each member of the class and that it breached the duties arising out of these relationships. Specifically, plaintiffs allege a breach of fiduciary duty in that defendant, which was the dominant party in the relationship, breached its duty to plaintiffs by: holding itself out as the franchisee's "partner," representing that defendant's skills and expertise would benefit the franchisees, and luring the franchisees into relying on defendant's store counselors. Plaintiffs argue that Jewel retained influence and control over the financial and operational aspects of all of the individual White Hen Pantries and therefore the class-wide representations and undertakings present a common question as to whether Jewel owed its franchisees fiduciary duties.

With respect to the common law fraud claim, plaintiffs contend that Jewel engaged in a series of intentional misrepresentations and omissions regarding profitability, the accounting system used by Jewel for the White Hen Pantries and the failure or termination rate of

franchises. Plaintiffs claim that the questions relating to defendant's intent, the truth or falsity of certain of the statements and the omissions of certain critical information present common questions.

Relying on *Affiliated Ute Citizens of Utah v. United States* (1972), 406 U.S. 128, 153-54, 31 L. Ed. 2d 741, 761, 92 S. Ct. 1456, 1472, plaintiffs argue that even if the reliance element of the cause of action for fraud poses individual questions, it is not an obstacle to class certification here as there can be no "reliance" on an omitted fact, thus the only proof necessary would be that the undisclosed fact was material in the sense that a reasonable person might have considered it important. Plaintiffs further suggest that even if a question exists as to individual reliance, common questions still predominate. We disagree.

In the second amended complaint, plaintiffs asserted that this case warranted certification as a class action based on the following alleged common questions of law and fact: (a) whether Jewel breached its fiduciary duty to WHP franchisees; (b) whether Jewel failed to disclose to franchisees material facts about the operation of the WHP system; (c) whether Jewel made adequate disclosure to prospective franchisees of the past economic performances of WHP stores; and (d) whether Jewel's conduct "violated the Illinois Consumer Fraud and Deceptive Business Practices Act *** and the Illinois Franchise Disclosure Act."

In our view, these are not common questions but rather individual questions the resolution of which turns on specific facts as to the relationship between individual franchisees and White Hen Pantry and the manner in which individual franchisees operated their stores. Evidence in the record supports this view in that it shows that different franchisees realized significantly different operating results in different periods of time in different WHP stores. In fact, subsequent franchises at the store locations of the named plaintiffs all were economically profitable according to an affidavit filed by defendant's controller. There is no evidence to suggest that the experience of the plaintiffs, who were involuntarily terminated franchisees, is in any way representative of a class that would include all franchisees.

With respect to plaintiffs' claim that WHP injured its franchisees by pressuring them to use suggested retail prices, certain promotions and 24-hour operations and that WHP controlled supplier payments, it is also clear from the record that individual questions predominate. Deposition testimony by the named plaintiffs indicated that they declined to follow suggested pricing guidelines and that they often oper-

ated their stores on a different basis from that suggested by White Hen Pantry.

Plaintiffs also contend that documents given to them by WHP contained "pervasive and uniform deceptions" with respect to profits projected and that the documents lacked data on franchisees that had quit or been terminated. These allegations were the subject of a count under the Franchise Disclosure Act which had previously been dismissed. Any claims by plaintiffs as to uniform deception in the disclosure statements are also negated in that the named plaintiffs testified that they did not read the disclosure statements but instead relied on oral statements allegedly made by White Hen Pantry. Even assuming plaintiffs received misleading information, claims as to what was or was not said at individualized meetings would require individualized proof as to each of the named plaintiffs and all other members of the class.

*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, does not support plaintiffs' claims that this matter should be adjudicated as a class action. In *Steinberg* there was a single predominant question regarding whether the school decided who was to be admitted as a student based on financial contributions to the school when the application brochure stated otherwise. The matter here involves claims about various documents and oral representations as well as different financial and operating experiences of numerous franchisees. Not only would the named plaintiffs and each of the other class members have to prove that their franchises failed, each of them also would have to prove that White Hen Pantry's conduct caused the failure. Where individual determinations of proximate cause would be required which predominate over common questions of law and fact, a class action will not be certified. See, *e.g., Morrissy v. Eli Lilly & Co.* (1979), 76 Ill. App. 3d 753, 759, 394 N.E.2d 1369, *appeal denied* (1980), 79 Ill. 2d 626.

■ Defendant has raised two additional issues in support of the argument that plaintiffs have failed to satisfy the prerequisites for the maintenance of a class action as set forth in section 2—801. First, defendant claims that the numerosity requirement is not met as the majority of former franchisees have signed mutual general releases with White Hen Pantry. Second, defendant claims that the former franchisees cannot satisfy the requirements of section 2—801(3) in that as former franchisees, plaintiffs have no interest in the continued viability of White Hen Pantry and thus cannot fairly and adequately represent the interests of current franchisees. Neither of these questions was certified by the trial court in its December 2, 1987, order.

Because Supreme Court Rule 308 provides an exception to the rule that an appeal may be taken only from final judgments of the circuit court, it should be strictly construed. Any appeal pursuant to Rule 308 should be limited to the questions certified by the trial court. (*State ex rel. Skinner v. Lombard Co.* (1982), 106 Ill. App. 3d 307, 311, 436 N.E.2d 566.) A reviewing court should not expand upon a certified question in order to answer questions that were not included. (*Williams v. Chicago Osteopathic Medical Center* (1988), 173 Ill. App. 3d 125, 127, 527 N.E.2d 409.) We therefore have not addressed defendant's arguments relative to numerosity and adequate representation of the class.

Plaintiffs also have raised the issue that, in the absence of exceptional circumstances, it was contrary to the purposes of the statute for the trial court to decertify a class that had been certified by another judge early in the litigation. In support of their position, plaintiffs cite *Barliant v. Follet Corp.* (1978), 74 Ill. 2d 226, 384 N.E.2d 316, in which the Illinois Supreme Court reversed a new judge's order vacating a three-year-old class certification order. Plaintiffs point out that nearly all of the class-wide discovery in this case is now complete and that as continued certification harms no one, any doubts relative to certification should be resolved in favor of proceeding with the matter as a class action.

■ The Illinois class action statute, section 2—802(a) of the Illinois Code of Civil Procedure, provides:

> "Determination of Class. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class. *This order may be conditional and may be amended before a decision on the merits.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—802(a).)

In the order initially certifying the class, Judge Higgins expressly stated that the order was conditional and subject to amendment prior to a decision on the merits pursuant to section 2—802.

■ In *Barliant v. Follet Corp.* (1978), 74 Ill. 2d 226, 384 N.E.2d 316, on which the plaintiffs rely, the trial judge who vacated his predecessor's class action certification was reversed not because he lacked authority to do so, but because the record did not reflect any changed circumstances that would have justified changing the prior ruling. Here, in contrast, the initial certification was based upon pleadings that were later substantially amended. Judge Higgins' successor considered the question of the appropriateness of class treatment based

upon amended pleadings and a full discovery record which did not exist when the preliminary decision to certify the class was made. While the court in *Barliant* acknowledged the importance of certainty in litigation and the need to protect a party from fruitlessly investing time and effort in preparation, the court expressly stated that where warranted by more complete discovery, it was within the scope of section 57.3(a) (now 2—802(a)) to set aside an earlier determination as to a class action. (*Barliant*, 74 Ill. 2d at 231.) The decision to decertify the class here is, we believe, consistent with the views expressed by our supreme court in *Barliant*.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and QUINLAN, JJ., concur.