SECOND DIVISION
September 28, 2007

No. 1-06-2949

| | | |
|---|---|---|
| SHELDON WERNIKOFF, Individually and on Behalf of a Class of Similarly Situated Individuals, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 00 L 6856 |
| HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company d/b/a BlueCross BlueShield of Illinois, | ) ) ) ) | Honorable David R. Donnersberger, Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff, Sheldon Wernikoff, individually and on behalf of a class of similarly situated individuals, appeals from an order of the circuit court granting the motions of defendant, Health Care Service Corporation d/b/a BlueCross BlueShield of Illinois, to decertify the class and for summary judgment. On appeal, plaintiff contends that the circuit court's order decertifying the class and granting summary judgment was erroneous. For the following reasons, we reverse the circuit court's decertification

1-06-2949

order and affirm the circuit court's order granting summary judgment as to class representative Wernikoff.

The record contains the following pertinent information. Defendant utilizes a "generational rating structure" in determining its policyholders' premium rates. When an applicant applies for a policy, defendant's underwriters consider the application and determine whether the applicant qualifies for a policy. When an applicant initially qualifies for a policy, the applicant and all dependents are charged the "new business" premium rate. That rate is guaranteed for one year. After the one-year period, a policyholder may renew the policy at a "Generation 1" premium rate, which is higher than the new business rate. After the second year, a policyholder may renew at a "Generation 2" rate, which is higher than the Generation 1 rate. After the third year, a policyholder may renew at a "Generation 3" rate, which is higher than the Generation 2 rate. Rather than renewing, an existing policyholder may again qualify for the initial, lower new business rate if the policyholder submits a new application for coverage and the application is approved by defendant's underwriters. Some policyholders may be offered the new business rate conditioned upon acceptance of a coverage exclusion rider, which would exclude coverage for a particular medical condition. Policyholders can learn of premium increases in written materials such as rate change notices. The written notices provide a telephone number to contact a customer service representative if policyholders have questions about their premiums. If policyholders call the reference number and ask how to lower their premiums, a customer service

2

representative might discuss the option of applying as a new applicant and, if approved, receiving the new business rate. Policyholders may also learn about the new business rate through insurance brokers from whom they purchased their policy.

Plaintiff filed his initial complaint in 2000 and a first amended complaint in 2001. The amended complaint alleged claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)) (count I) and common law fraud (count II). Plaintiff alleged generally that defendant utilized a fraudulent scheme of increasing policyholders' premiums each year and as a result of the scheme, thousands of policyholders paid higher premiums than they needed to pay. According to the complaint, defendant failed to disclose to policyholders the option of reapplying as a new policyholder and, if approved, paying the new business rate premium. Specifically, plaintiff alleged that defendant's "standard written materials" omitted the fact that defendant would automatically increase policyholders' premiums each year. Plaintiff also alleged that defendant's written materials misrepresented and falsely stated that the premiums were increased because defendant had conducted a "review of the rates" or a "review of our policy premiums and claim utilization."

This case was initially certified as a class action in 2003 by Judge Lester D. Foreman. The court certified the following class:

"All persons who purchased individual health insurance policies from [the defendant] and thereafter renewed those policies, on one or more occasions, without reapplying for the new business rate even though the option to apply

would have been available."

Subsequently, in 2004, the case was reassigned to Judge Deborah Mary Dooling, who modified the class definition to include only those individuals who would have qualified for the new business rate had they applied.

In March 2006, after the case was reassigned to Judge David R. Donnersberger, defendant simultaneously filed a motion to decertify the class and a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2000)).[1] On June 23, 2006, the court granted defendant's motions.

On appeal, plaintiff contends that the circuit court's order decertifying the class and granting summary judgment was erroneous. We first address plaintiff's contentions regarding the court's decertification order.

An action may be maintained as a class action in Illinois only if the court finds:

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

---

[1] It appears from other filings in the record that the motions were filed on March 7, 2006, although the date stamps on the motions are illegible.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."  735 ILCS 5/2-801 (West 2002).

A class may be certified "[a]s soon as practicable after the commencement of an action"; however, the court's order certifying the class "may be conditional and may be amended before a decision on the merits."  735 ILCS 5/2-802 (West 2002).  "Where individual [issues] * * * predominate over common questions of law and fact, a class action will not be certified."  Key v. Jewel Cos., 176 Ill. App. 3d 91, 98 (1988).  In Barliant, our supreme court determined that an order setting aside an earlier determination of class certification would be proper if clearly changed circumstances or more complete discovery warranted it, rather than mere feelings of error regarding the original certification order.  Barliant v. Follett Corp., 74 Ill. 2d 226, 231 (1978).  Class decertification will not be disturbed absent an abuse of discretion.  Key, 176 Ill. App. 3d at 95.

Plaintiff argues that the decertification order was erroneous because it failed to find there were "changed circumstances" or more complete discovery warranting decertification.  Plaintiff acknowledges that there was discovery taken after Judge Foreman's class certification ruling, but argues that it did not reveal any new facts or any changed circumstances.

Defendant notes that prior to class certification, the parties had only taken 4

party depositions, and after certification, the parties had conducted over 24 depositions. Defendant claims that as a result of more complete discovery, there were many "changed circumstances." Specifically, defendant points to plaintiff's second deposition, which occurred after the class was certified, in which plaintiff admitted that he knew about the option to reapply to receive the new business rate but chose not to do so for several years. Defendant also points to the fact that the depositions of many policyholders revealed that not all policyholders relied on the "standard written materials" but relied on the statements made in oral communications with defendant's customer service representatives.

We look to Barliant v. Follett Corp., 74 Ill. 2d 226 (1978) and Key v. Jewel Cos., 176 Ill. App. 3d 91 (1988), for guidance. In Barliant, the trial judge vacated a prior judge's class action certification, but was reversed on appeal because the record did not reflect any changed circumstances that would have justified changing the prior ruling. Barliant, 74 Ill. 2d at 231-32. In Key, the trial judge also vacated a prior judge's class action certification, but was affirmed on appeal because the initial certification was based upon pleadings that were later substantially amended, which constituted changed circumstances warranting decertification. Key, 176 Ill. App. 3d at 99-100.

Here, although more discovery occurred after the initial class certification, that discovery did not amount to changed circumstances warranting decertification. The "new" facts that defendant points to may be "new" *per se*, but they did not amount to any significant difference or change. When plaintiff learned about the option of

6

applying for the new business rate or whether policyholders relied on oral communications from defendant's customer service representatives would only affect plaintiff or each class member's possible recovery or ability to ultimately establish a cause of action against defendant. It did not rise to the level of such a change as in Key, where the pleadings were amended after class certification. Therefore, we find that the circuit court abused its discretion in decertifying the class.

We next address plaintiff's contentions with respect to the court's order granting defendant's motion for summary judgment. Summary judgment is proper if the pleadings, depositions, affidavits, admissions, and other matters on file demonstrate there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Smith v. Armor Plus Co., 248 Ill. App. 3d 831, 839 (1993). The purpose of summary judgment is not to try a question of fact but to determine whether one exists. Mitchell v. Jewel Food Stores, 142 Ill. 2d 152, 165 (1990). A triable issue of fact exists where there is a dispute as to material facts or where the material facts are undisputed but reasonable persons might draw different inferences from those facts. In re Estate of Hoover, 155 Ill. 2d 402, 411 (1993). The court should construe the evidence strictly against the movant and liberally in favor of the opponent. Richter v. Burton Investment Properties, Inc., 240 Ill. App. 3d 998, 1001 (1993). Appellate review of an order granting summary judgment is *de novo*. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102 (1992).

Count I of plaintiff's first amended complaint alleged defendant violated the

Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 2000)) (Act). To establish a claim for consumer fraud under the Act, plaintiff must show that defendant committed a deceptive act or practice, that defendant intended for plaintiff to rely on the deception, and that the deception occurred in the course of conduct involving trade or commerce. Johnson v. Matrix Financial Services Corp., 354 Ill. App. 3d 684, 690 (2004). The Act is to be liberally construed in order to effectuate its purpose. Johnson, 354 Ill. App. 3d at 690. Section 2 of the Act defines consumer fraud in pertinent part as: "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." 815 ILCS 505/2 (West 2000).

Count II alleged defendant committed common law fraud. The elements of common-law fraud are (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. Hart v. Boehmer Chevrolet Sales, Inc., 337 Ill. App. 3d 742, 751 (2003). The first element includes three requirements: (1) the defendant must make a misrepresentation; (2) it must involve a fact; and (3) the misrepresentation must be material. Hart, 337 Ill. App. 3d at 751. A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a

8

decision regarding the purchase of the product. <u>Connick v. Suzuki Motor Co.</u>, 174 Ill. 2d 482, 505 (1996).

The circuit court granted defendant's motion for summary judgment on the basis that plaintiff lacked standing. The court stated that because plaintiff's employer, Square Jewelers, a corporation owned by plaintiff, paid the insurance premiums, plaintiff could not maintain a cause of action for consumer fraud or common law fraud. The court also held that Square Jewelers was not a proper plaintiff because Square Jewelers did not apply for the policy and was not the policyholder.

Plaintiff contends on appeal that the court's order created a "Catch-22" in which no entity had standing to bring the claim. Regardless of the propriety of this finding, we find that summary judgment was proper, albeit on another basis. We note that we may affirm the trial court on any basis in the record. <u>Wilder v. Finnegan</u>, 267 Ill. App. 3d 422, 426 (1994).

Plaintiff's argument on appeal with respect to the court's summary judgment order only addressed the issue of standing. Although defendant argued in its response brief on appeal that summary judgment was proper for numerous reasons other than plaintiff's lack of standing, plaintiff failed to specifically address these arguments in his reply brief. Instead, plaintiff referred this court to his response to defendant's motion for summary judgment filed in the circuit court. We note that "reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court

actions, argument and research as it were, upon the court." Boeger v. Boeger, 147 Ill. App. 3d 629, 630 (1986).

Here, summary judgment was proper because plaintiff cannot establish a cause of action for either consumer fraud or common law fraud. Most significantly, plaintiff cannot establish that he relied on defendant's representations. Plaintiff acknowledged in his deposition that when he received the rate change notice, he called the telephone number listed and spoke with a customer service representative who informed him of the option to reapply and receive the new business rate. Plaintiff further admitted that he chose not to reapply for the new business rate for several years due to his own personal medical concerns. Both consumer fraud and common law fraud require that plaintiff rely on defendant's representations. Plaintiff cannot establish a cause of action under either theory. Therefore, we find that summary judgment in favor of defendant was proper. Upon remand, we direct the circuit court to appoint a new class representative.

Accordingly, we reverse the circuit court's order decertifying the class, affirm the court's order granting defendant's motion for summary judgment and remand the cause to the circuit court for further proceedings consistent with this opinion.

Reversed in part, and affirmed in part; cause remanded.

SOUTH and HALL, JJ., concur.