John M. Keen, Jr., a Minor, and Wanda J. Keen, a Minor, by John M. Keen, Their Father, Next Friend and Natural Guardian, Plaintiffs-Appellants and Cross-Appellees, v. Alva C. Davis, Doing Business as Alva C. Davis Drilling Company, and Willard Tullis, Defendants-Appellees and Cross-Appellants.

Gen. No. 68–10.

Fifth District.

March 18, 1969.

Rehearing denied April 10, 1969.

Hanagan & Dousman, of Mt. Vernon, for appellant.

Jack E. Horsley, William E. Larrabee, Richard F. Record, Jr., of Craig & Craig, of Mattoon (Fred H. Kelly, of counsel), and John C. Robison of Marshall, Feiger, Robison & Quindry, of Fairfield, for appellees.

GOLDENHERSH, P. J.

This is a companion case to Keen v. Davis, 76 Ill App2d 49, 221 NE2d 334, 38 Ill2d 280, 230 NE2d 859. The plaintiffs are John M. Keen, Jr., and Wanda J. Keen, respectively 1 and 2 years of age, the minor children, and John M. Keen, Sr., the surviving husband of Carol June Keen, who died as the result of injuries suffered in the collision out of which this litigation arises.

In this case, prior to selection of the jury, the court allowed plaintiffs' motion to dismiss as parties defendant, John Davis and Clarence Taylor. The case proceeded to trial and the jury returned verdicts in favor of the minor plaintiffs and against the defendants, Alva C. Davis, and Willard Tullis, awarding damages for personal injuries suffered, and in favor of John M. Keen, their father, for medical expenses.

Defendants filed a post-trial motion, which as amended prayed arrest of judgment, entry of judgment n.o.v. and alternatively, for a new trial. The circuit court denied the motion insofar as it sought arrest of judgment and judgment n.o.v. and granted a new trial on the ground that the verdicts were against the manifest weight of the evidence.

Plaintiffs filed a petition for leave to appeal from the order granting the new trial. Upon allowance of the petition by this court, defendants filed a cross-appeal, contending that the trial court erred in its refusal to arrest judgment or enter judgment n.o.v., and alternatively that the verdict in favor of plaintiff, John M. Keen, Jr., was excessive.

██ The rule that the propriety of granting a new trial on the ground that the verdict is against the manifest weight of the evidence is within the sound discretion of the circuit court is so firmly established as to require no citation of authorities. The concomitant rule is that if a petition for leave to appeal presents grounds

which are reasonably debatable, and fairly challenge the propriety of the order, the reviewing court should permit the appeal to be taken. Klatt v. Commonwealth Edison Co., 55 Ill App2d 120, 204 NE2d 319; Hall v. Chicago & N. W. Ry. Co., 349 Ill App 175, 110 NE2d 654; Wettaw v. Retail Hardware Mut. Fire Ins. Co., 285 Ill App 394, 2 NE2d 162.

The testimony adduced at the trial is substantially similar to that summarized in the opinions of the Supreme Court and of this court in the companion case, and only a brief review is necessary to a discussion of the issues.

The testimony of Clyde Robbins, called by plaintiffs, was substantially as reviewed in our prior opinion. In identifying the photograph there referred to, he stated that due to the angle of the picture it presents the truck as being more to the center of the road, and in his observation, he would say they were both equal distance in the road.

Larry Murphy's testimony was almost identical to that adduced at the prior trial.

Clarence Taylor died prior to the trial of this case.

Defendant, Tullis, called under section 60 of the Civil Practice Act, testified to substantially the same matters as in the previous trial except that he stated that when he saw the Keen vehicle for the first time it was 25 to 30 feet from the point where the collision occurred. He also testified that the photograph did not correctly here portray the position of his vehicle in the road.

Alfred Lane, a state trooper, testified that he was called to the scene and "if you had a center line, the left front and rear wheels of the truck would have been right on it."

Robert McNeill, coroner of Wayne County, testified that at an inquest conducted following the death of Carol June Keen, defendant Tullis was asked: "When did you

first see the Keen car?" He answered: "Not until we hit."

Jesse Ayers, called by defendants, testified that he was working with Tullis, and as they drove eastward he could not see the truck driven by Taylor. Tullis was driving 10 to 15 miles an hour. The dust was 25 to 30 feet in front of them. The right front wheels of defendants' truck were approximately 3 feet from the right-hand side of the road. Mrs. Keen's car came out of the dust and "we hit." The Keen car was angling toward the south but he could not say whether she was straddling the centerline or over the centerline. After the collision the left front wheel of the truck was "just up to the centerline."

In defendants' case, defendant Tullis testified that the truck he was driving, as loaded, weighed 50,000 to 60,000 pounds; as he drove east he could see 25 or 30 feet ahead of him; he could not see Taylor's truck, and the dust cloud had both lanes covered; he did not drive closer than 20 or 30 feet to Taylor's truck because to do so "was too dangerous." When he first saw the Keen car it was about 20 feet from his truck. At that time he was driving on his side of the road, with the right side of his truck about two feet from the ditch; the Keen car seemed to be "some over the center of the road."

Plaintiffs argue that the evidence in this trial was far stronger and more favorable to them than in the prior trial in that it was here testified by Tullis that his vision was so obscured that he was unable to see how far the right side of the truck was from the south side of the road, he knew before the collision that it was dangerous to drive too close to the cloud of dust, the testimony of defendants' witness, Donald Hanks, showed that the photograph correctly portrayed the position of the truck following the collision, and the testimony of the coroner proved an admission that Tullis had not seen the Keen car until the collision.

60

Defendants contend that the testimony is no different from that upon which the Supreme Court, in the earlier case, held the circuit court correctly directed verdicts for the defendants.

The rules governing a trial court in its decision to grant a new trial or enter judgment n.o.v., and our review of its actions, are found in the cases hereafter discussed.

In Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 200 NE2d 128, (affd 33 Ill2d 103, 210 NE2d 191), the Appellate Court, at page 137, said: "Not only does the court have the power, but the duty to vacate a verdict against the manifest weight of the evidence."

■■ In Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, the Supreme Court said at page 510: "In our judgment verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." In the same opinion the Court, at page 509 said: "We have rather carefully preserved the distinction between the evidentiary situation which will require a new trial, verdict against the manifest weight of the evidence (Lau v. West Towns Bus Co., 16 Ill2d 442, 451, 158 NE2d 63, cert den 361 US 127), and that justifying direction of a verdict or judgment n.o.v. There is, in our judgment, excellent reason for so differentiating to be found in the radically different results of allowance of the two motions, and we believe a more nearly conclusive evidentiary situation ought to be required before a verdict is directed than is necessary to justify a new trial. It is not our intention by this opinion to alter this concept."

■■ In Klatt v. Commonwealth Edison Co., 33 Ill2d 481, 211 NE2d 720, the Supreme Court at page 494 said: "Moreover, it must be remembered that the trial court,

in reaching a determination to award a new trial, is vested with discretion, and absent a clear abuse thereof, its decision should not be disturbed on appeal."

Until Pedrick, the test for deciding whether a motion for judgment n.o.v. should be allowed was stated by the Supreme Court in Finley v. New York Cent. R. Co., 19 Ill2d 428, at page 434, 167 NE2d 212, as follows: "Where, as here, a motion is made for judgment notwithstanding the verdict, a question of law is presented as to whether, when all the evidence is considered together with all reasonable inferences therefrom in its aspect most favorable to the plaintiff, there is a total failure or lack of evidence to prove a necessary element of plaintiff's case. (Bonnier v. Chicago, Burlington & Quincy Railroad Co., 2 Ill2d 606.) If the evidence is such that without weighing the credibility of the witnesses, and upon considering it in its aspects most favorable to the plaintiff, there can be but one reasonable conclusion as to the verdict, the court should direct a verdict or enter judgment notwithstanding the verdict."

█ █ Since Pedrick contains no directive to the contrary, in determining the propriety of the granting of a motion for judgment n.o.v., a reviewing court is confronted with a question of law, while in reviewing whether the trial court was justified in granting a new trial our inquiry is limited to whether its action in so doing was a clear abuse of discretion. Klatt v. Commonwealth Edison Co. (supra).

█ The only definition of abuse of discretion in an opinion of a reviewing court of Illinois discovered in our research is found in People ex rel. Ball v. Johnson, 341 Ill App 423, 428, 94 NE2d 444. Since the issue there was whether the school trustees of LaSalle County had abused their discretion, it is perhaps, inapposite to a cir-

cuit court. A satisfactory definition is found in Peek v. United States, 321 F2d 934, where quoting from Delno v. Market St. Ry. Co., 124 F2d 965, the United States Court of Appeals for the Ninth Circuit, at page 942, said that discretionary judicial action is abused ". . . when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."

 Applying this definition, although we do not agree with the trial court that the evidentiary situation presented required the granting of a new trial, we are governed by Department of Public Works and Buildings v. Russell, 28 Ill2d 491, 192 NE2d 900, wherein the Supreme Court said at page 496: "The issue, as we have suggested, is not whether we would set aside the verdicts upon the record before us. It is rather whether the record shows that the trial judge abused his discretion in granting a new trial," and we are unable to say that the trial court, in granting defendants a new trial, abused its discretion.

 Having reached this conclusion, we are confronted with a question of jurisdiction, which, although not raised by the parties, it is our duty to consider. E. M. S. Co. v. Brandt, 103 Ill App2d 445, 243 NE2d 695. This court has jurisdiction, with certain exceptions, to consider only final judgments. In Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371, the Supreme Court at page 48 said: "To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if af-

firmed, the trial court has only to proceed with the execution of the judgment."

Following the granting of a new trial there was no final order or judgment appealable by defendants and the effect of our affirmance of that order is that upon remand the case is pending, awaiting trial, and with no final judgment. In Davis v. Childers, 33 Ill2d 297, 211 NE2d 364, and again in Martino v. Barra, 37 Ill2d 588, 229 NE2d 545, the Supreme Court held that judgments entered n.o.v. for plaintiffs on all issues except damages were not final and appealable. Since the effect of our decision is remandment for a trial de novo, the denial of defendants' post-trial motions in arrest and for judgment n.o.v. are not final or appealable, and we are without jurisdiction to review the trial court's actions.

For the reasons herein set forth the order granting defendants a new trial is affirmed, and the cause remanded for further proceedings.

Order granting new trial affirmed.

MORAN and EBERSPACHER, JJ., concur.