(No. 49398

NANCY CAROL ROBBINS, Adm'x, Appellee, v. THE PROFESSIONAL CONSTRUCTION CO. *et al.*, Appellants.

*Opinion filed May 26, 1978.*

KLUCZYNSKI, J., took no part.

O'Brien, Garrison, Berard, Kusta & De Witt, of Joliet (James E. Garrison, of counsel), for appellants.

Edward G. Vogt and Jack R. Beaupre, of Kankakee, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

Plaintiff, Nancy Carol Robbins, as administratrix of the estate of the decedent, Alfred Lee Robbins, brought this wrongful death action in the circuit court of Kankakee County to recover damages for pecuniary injuries suffered

by decedent's widow and next of kin. See Ill. Rev. Stat. 1971, ch. 70, par. 2.

This action arose from a fatal automobile accident which occurred on the morning of September 8, 1971, at the intersection of Route 17 and Warner Bridge Road, just west of the city of Kankakee. At approximately 7:20 a.m. Bonita Kirchener was driving her automobile westbound on Route 17, just east of the Warner Bridge Road intersection. The weather was clear and the pavement dry. As she approached the intersection she applied her brakes and her vehicle skidded into the eastbound lane of traffic, where her vehicle collided with a truck driven by defendant Harold Pulliam and owned by Pulliam's employer, defendant Professional Construction Company. Skid marks from the truck at the scene of this collision were 89 feet long; another set of skid marks, presumably from the Kirchener vehicle, was 29 feet long. The speed of each vehicle at the time of this first collision, however, is not readily ascertainable from the record.

The impact of the first collision tilted the truck to the right, causing the wheels on the left side of the truck temporarily to lose contact with the road. The truck then swerved right, proceeding at least partially along the shoulder for approximately 50 feet, veered sharply back to the left, across the eastbound lane of traffic and into the westbound traffic, where it collided with the oncoming car driven by the decedent. There was testimony tending to establish that, at the point of impact, the truck was traveling between 40 and 60 miles per hour and that decedent's car was traveling at between 20 and 25 miles per hour, as he tried to pull off the road to avoid the collision. Examination of the truck after the accident revealed part of its steering mechanism to be broken, though precisely how and when it broke remains unknown.

In a partial pretrial settlement, Kirchener paid plain-

tiff $23,500 in return for a covenant not to sue. At trial, in addition to the aforementioned evidence regarding the occurrence, evidence was introduced regarding decedent's putative future earnings. That evidence indicated that decedent's employment had not been continuous over the last several years, but other evidence indicated that decedent's potential future contributions to his family would have been at least $3,000 per year (over his expected working life of 33 years).

The jury returned a verdict for plaintiff and against defendants in the amount of $25,000, which the court reduced by $23,500 to reflect the amount already received by plaintiff in the pretrial settlement with Kirchener, a potential defendant. (The propriety of this reduction is not at issue.) Defendants filed a post-trial motion requesting judgment notwithstanding the verdict, but did not alternatively request a new trial if their motion for judgment notwithstanding the verdict were denied. Plaintiff moved to set aside this verdict in favor of a new trial on the question of damages only, on the grounds that the damages were inadequate. Alternatively plaintiff requested a new trial on all issues. The court denied defendants' motion, granted plaintiff's motion for a damages trial, and conditionally granted plaintiff's motion for a new trial on all issues in the event that the order granting a new trial limited to damages was reversed, set aside, or vacated. See Ill. Rev. Stat. 1971, ch. 110, par. 68.1(6).

Defendants sought to appeal the trial court's actions. However, defendants neither filed a record in the appellate court nor moved for an extension of time in which to file the record, until after the time provided for such motions by Rule 306(e) had expired. In addition, defendants failed to accompany their motion for an extension with a short record. (See 58 Ill. 2d Rules 306(e), 328.) While this motion was pending, the appellate court dismissed the appeal.

In the ensuing damages trial the jury returned a verdict for plaintiff and against defendants in the amount of $120,000. The circuit court entered judgment on this verdict after reducing it by $23,500 to reflect the aforementioned pretrial settlement. The defendants then filed a post-trial motion requesting, *inter alia,* a new trial on all issues, including the issue of liability. The court denied the motion, and on appeal, the Appellate Court, Third District, affirmed, with one judge dissenting. (45 Ill. App. 3d 524.) The appellate court's holdings were as follows: (1) The earlier "denial" of defendants' "petition for leave to appeal" authorized the appellate court to refuse to address the merits of the order granting plaintiff a new trial on the question of damages. Alternatively, the court would uphold that order on the merits. (2) Defendants waived their right to request a new trial on the question of liability by failing to request such relief either after the first trial or within 30 days of the trial court's order granting plaintiff a new trial on the question of damages. Alternatively, even if the defendants had not waived the issue, they were not entitled to a new trial on the question of liability. (3) Defendants were not entitled to judgment notwithstanding the verdict. (Defendants apparently do not contest this holding.)

Defendants seek reversal of the appellate court's judgment on the following grounds: (1) The appellate court's "denial" of defendants' earlier petition for leave to appeal the trial court's order granting plaintiff a damages trial did not foreclose the appellate court's review of that order on appeal following the damages trial. (2) The trial court improperly awarded plaintiff a damages trial. (3) Defendants did not waive their right to request a new trial on the question of liability. (4) Defendants were entitled to a new trial on all questions, including liability. We disagree with defendants' contentions (1) and (3), and therefore need not address the merits of points (2) and (4).

Rule 306 governs appeals from orders of the circuit court granting a new trial limited to the question of damages. It provides in part as follows:

"Rule 306. Appeals From Orders of the Circuit Court Granting New Trials

(a) *Procedure.*

(1) *Petition for Leave to Appeal.* An appeal may be taken from an order of the circuit court granting a new trial only on the allowance by the Appellate Court of a petition for leave to appeal. The petition shall contain a statement of the facts of the case, supported by references to the record, and of the grounds for the appeal. It shall be duplicated, served, and filed in the Appellate Court in accordance with the requirements for briefs within 30 days after the entry of the order.

(2) *Cross Appeal Unnecessary.* If the petition is granted, all rulings of the trial court on the post-trial motions are before the reviewing court without the necessity of a cross appeal.

\* \* \*

(d) *Excerpts from Record or Abstract.* Excerpts from record or an abstract, as required by Rule 342, shall be designated, served, and filed. If excerpts are to be employed, the petitioner's designation shall be made with the petition and the respondent's designation with the answer. If an abstract is to be employed, it shall be filed with the petition, and the additional abstract, if any, shall be filed with the answer.

(e) *Extensions of Time.* The above time limits may be extended upon notice and motion, accompanied by an affidavit showing good cause, filed within the original time or any previously granted extension. A motion to extend the time for filing the petition and record shall be accompanied by a short record as provided in Rule 328."

The appellate court concluded that its disposition of the defendants' first appeal justified its declining to review the circuit court's order granting plaintiff a new trial on the question of damages. Defendants claim that this

court's decision in *Hall v. Chicago & North Western Ry. Co.* (1955), 5 Ill. 2d 135, directly contradicts the appellate court's holding on this issue. We disagree.

*Hall* held only that this court could itself review the propriety of a circuit court's order granting a new trial on appeal following the second trial. *Hall* did not suggest that an appellate court which had already considered the issue once could again address the new trial issue in a second appeal following a new trial. Although there is some dicta in *Kavanaugh v. Washburn* (1944), 387 Ill. 204, 211, which suggests that the new trial issue may be addressed by the appellate court in the second appeal, we decline to follow that dicta.

*Kavanaugh* was based largely on the assumption that an appellate court's ruling on a petition for leave to appeal would deal only with the propriety of the new trial order, and that the likely existence of other related issues in a subsequent appeal rendered it impractical to prohibit reconsideration of the new trial issue in such subsequent appeals. The court conceded that "[i] t will be granted that the course of procedure charted by this opinion is involved and confusing, but it seems to be the only available course under the pertinent statutes." (387 Ill. 204, 212.) The admittedly "involved and confusing" course of procedure charted in *Kavanaugh* no longer is appropriate under our current rules.

First, if it grants the petition, the scope of the appellate court's review no longer is confined to the propriety of the circuit court's order granting a new trial. Rather, upon granting the petition, the appellate court may review all rulings of the trial court. (See 58 Ill. 2d Rules 306(a)(2), 366(b)(2)(v).) Second, even if it denies the petition, we see no reason to permit relitigation of the propriety of the circuit court's order granting a new trial.

Neither due process (*cf. Baumgardner v. Boyer*

(1943), 384 Ill. 584, 586-91) nor the appeal as of right from final decisions of the circuit court (Ill. Const. 1970, art. VI, sec. 6) requires full briefing, oral argument and a lengthy judicial opinion each time the propriety of a circuit court's order granting a new trial is challenged. In a slightly different but analogous context, this court has expressly provided for summary treatment in appropriate cases. (See generally 58 Ill. 2d R. 23.) Under the circumstances, the appellate court's reliance upon its previous summary dismissal of defendants' petition was more than adequate to dispose of defendants' right to review in this case.

Finally, we also conclude that the defendants' failure to request a new trial on the question of liability following the jury's general verdict for plaintiff in the first trial precludes defendants from seeking such relief following the outcome of the second trial, which was limited to the question of damages. Section 68.1(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(5)) provides:

> "Any party who fails to seek a new trial in his post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict."

However, defendants contend that the trial court's order granting plaintiff a new trial on the question of damages was, in effect, a directed verdict for plaintiff on the question of liability. Thus, defendants suggest that, according to the rationale of this court's decision in *Keen v. Davis* (1967), 38 Ill. 2d 280, they need not have requested a new trial on the question of liability following the first trial. We disagree.

In *Keen v. Davis* this court held that a party need not file a post-trial motion requesting judgment notwithstanding the verdict following the circuit court's direction of a verdict in favor of that party's opponent. The *ratio*

*decidendi* of *Keen* was that, in directing a verdict for one party, the circuit court already had passed upon precisely the same questions as would have been raised by an opposing party's motion for judgment notwithstanding the verdict. That reasoning is not applicable to the instant case. A circuit court's order setting aside a jury's general verdict for plaintiff and granting plaintiff a new trial on the question of damages is not substantially equivalent to a directed verdict for plaintiff on the question of liability. A directed verdict is a complete removal of an issue from the province of the jury, and therefore only is proper where "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.) Where the jury already has reached a general verdict in favor of plaintiff, setting aside that verdict in favor of a new trial on the question of damages does not remove the question of liability from the province of the jury, because the first jury's verdict on that question remains intact.

As this court held in *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 46-47, the circuit court may set aside a jury's inadequate general verdict for plaintiff in favor of a new trial on the question of damages only where (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability. Accordingly, the circuit court's order setting aside the jury's general verdict for plaintiff in favor of a new trial on the question of damages was not

substantially equivalent to a directed verdict for plaintiff on the question of liability, but merely was an affirmance of the jury's verdict on that question. Therefore the narrow exception to section 68.1(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(5)) created by *Keen v. Davis* is not available to the defendants, who thus have waived their right to request a new trial on the question of liability.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.