FIRST DIVISION
JUNE 16, 2008

No. 1-07-0048

| | | |
|---|---|---|
| PRISCILLA ROSOLOWSKI, n/k/a Priscilla Kusiolek, et al., | ) ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 95 L 14703 |
| | ) | |
| CLARK REFINING and MARKETING, | ) | Honorable |
| | ) | Cheryl A. Starks, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiffs, who were residents of Blue Island, Illinois, living near an oil refinery owned by defendant Clark Refining and Marketing, brought a nuisance class action against defendant because of fumes and discharges from the refinery. After the entry of a multimillion dollar jury award in favor of plaintiffs, the trial court decertified the class, vacated the award and ordered a new trial. Plaintiffs appeal the interlocutory order. For the reasons discussed below, we vacate the trial court's posttrial order and remand for proceedings consistent with this opinion.

BACKGROUND

In October 1995, plaintiffs filed suit against defendant and others for claims arising out of defendant's operation of a nearby oil refinery, from 1993 until the refinery closed in 2001.

On June 8, 2000, the Honorable Judith Cohen of the circuit court of Cook County granted

plaintiffs' motion to certify the nuisance action as a class action.   Although section 2-802 of the Code of Civil Procedure permitted the circuit court judge to enter a "conditional" order of certification, she did not do so. 735 ILCS 5/2-802(a) (West 2000).  The June 8 order stated that the nuisance class, which was also called "Class C," consisted of all owners and lessees of real property in Blue Island located "in the area between 135th Street on the south, 119th Street on the north, Kedzie on the west, and Hoyne on the east."   Judge Cohen also certified a Class A, of persons physically injured by exposure to catalyst released from the refinery on October 7, 1994; and a Class B, of persons paying medical expenses for minor members of Class A.  Classes A and B are not at issue in this appeal.  Only Class C is at issue.

On January, 29, 2001, a second circuit court judge, the Honorable Albert Green, denied: (1) defendant's motion to reconsider the prior certification order; and (2) defendant's motion, in the alternative, pursuant to Supreme Court Rule 308.  155 Ill. 2d R. 308.  Rule 308(a) permitted the trial court to make a finding that its "order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  In denying the motion for reconsideration, Judge Green stated from the bench: "[M]ost respectfully, I am going to accede to Judge Cohen's decision.   I find nothing to reconsider.  She considered it all."   In denying the Rule 308 motion, Judge Green stated: "I don't believe that the defendants have met the requirements."

Shortly before trial, on October 19, 2005, the trial judge, Honorable Cheryl A. Starks, became the third circuit court judge to approve class certification, when she denied another

motion by defendant for decertification. After a three-week jury trial in November 2005, the jury rendered a verdict for the nuisance plaintiffs (Class C) and awarded $80 million in compensatory damages. In addition, the jury specifically found that defendant had engaged in "willful and wanton conduct" and awarded Class C an additional $40 million in punitive damages. The jury also found in favor of Class A and B.

On November 21, 2005, the trial judge, issued an order stating that "[j]udgment is hereby entered" in favor of Class C and against defendant in the amount of $80 million, with an additional award of $40 million for punitive damages. The order also entered judgment in favor of Classes A and against Class B. On January 25, 2006, defendant filed posttrial motions directed only against Class C. The motions included motions for judgment notwithstanding the verdict, a new trial, decertification, remittitur of the compensatory award to $500,000 and vacation of the punitive award.

On November 3, 2006, almost a year after entering judgment for plaintiffs, the trial court issued a 13-page opinion which: (1) granted defendant's posttrial motion to decertify the class; (2) vacated the jury's awards of both compensatory and punitive damages; and (3) vacated Judge Cohen's order of June 8, 2000, certifying the class. [1]

At a hearing on November 17, 2006, the trial judge announced her decision to amend her November 3 order, for the purpose of granting defendant's motion for a new trial. At the

---

[1]The last page of the November 3, 2006, opinion stated: "The court's certification order of June 8, 2000 is vacated."

hearing, she stated that she was "granting a new trial because, again, the issue of these people's claims are still active and still live based on the law." She also observed that this was "a case of first [*sic*] impressions because generally, when cases are decertified they are decertified before trial on the merits."

On December 8, 2006, the trial court issued a one-page amended order, which (1) vacated the jury awards; (2) ordered "a new trial"; and (3) denied "[a]ll of Defendant's other posttrial motions." The amended order did not refer to Judge Cohen's order of June 8, 2000. Plaintiffs had 30 days or until the beginning of January to appeal. 210 Ill. 2d R. 306(c).

On January 5, 2007, plaintiffs filed a petition pursuant to Supreme Court Rule 306 (a)(1) for leave to appeal the trial court's posttrial orders. 210 Ill. 2d R. 306(a). On February 22, 2007, this court granted plaintiff's petition for an interlocutory appeal.

## ANALYSIS

The decertification order vacated the judgement of two other circuit court judges about class certification, nullified a jury's verdict, and reversed the trial court's own order confirming class certification. As both parties in this case acknowledge, no other circuit court in Illinois has ever decertified a class after the jury reached a verdict and the trial court formally entered judgment on the jury verdict in a written order.

### Prerequisites for Decertification

In essence, by decertifying, one circuit court judge sat in review of two other circuit court judges's decisions along with her own. A circuit court judge is allowed to do this only under two, very limited conditions. First, there must be clearly changed circumstances. Barliant v.

4

No. 1-07-0048

Follett Corp., 74 Ill. 2d 226, 231 (1978); Key v. Jewel Cos., 176 Ill. App. 3d 91, 99-100 (1988) (discussing and applying Barliant); Wernikoff v. Health Care Service Corp., 376 Ill. App. 3d 228, 231-33 (2007) (discussing and applying Barliant and Key). In Barliant, our supreme court observed that "[b]oth sides in an action would benefit from an early determination of the propriety of a class action." As a result, our supreme court held that "a second judge" could set aside a prior judge's class certification only if warranted by "clearly changed circumstances, and not mere feelings of error." Barliant, 74 Ill. 2d at 231 (decertification reversed for lack of "changed circumstances"); Key, 176 Ill. App. 3d at 99 (decertification affirmed, where "substantial" amendments to the pleadings satisfied the requirement of changed circumstances); Wernikoff, 376 Ill. App. 3d at 232 (decertification reversed, where additional "discovery did not amount to changed circumstances").

Second, there must have been no decision on the merits. Section 2-802 (735 ILCS 5/2-802(a) (West 2006)) of the Illinois Code of Civil Procedure states that a trial court's class certification order "may be amended before a decision on the merits." 735 ILCS 5/2-802(a) (West 2006). Defendant argues that the word "amended" does not include decertification, and thus, the time limit in section 2-802 does not apply.

However, our supreme court has held that it is section 2-802 which provides a trial court with the authority to decertify a class. In Barliant, our supreme court found that decertification was "within the scope of section 57.3," which is the predecessor to section 2-802. Barliant, 74 Ill. 2d at 231. Our supreme court stated:

"It may be beneficial to the orderly administration of justice for a

5

second judge to set aside an earlier determination of a suitable

class action if clearly changed circumstances, and not mere feelings

of error, or more complete discovery warranted it; that is within the

scope of section 57.3(a)." Barliant, 74 Ill. 2d at 231.

The defendant's argument flies in the face of the above-quoted words of our supreme court. Thus, the absence of a decision on the merits is the second prerequisite for decertification.

Standard of Review

An appellate court will reverse a trial court's decision concerning class certification only if the trial court abused its discretion or applied erroneous legal criteria. Health Cost Controls v. Sevilla, 365 Ill. App. 3d 795, 805 (2006); Avery v. State Farm Mutual Automobile Insurance Co., 216 Ill. 2d 100, 125-26, 135 (2005) (reversing trial court's grant of plaintiffs' motion for certification, as an abuse of discretion). In the case at bar, we must reverse because the trial court applied erroneous legal criteria. Namely, the trial court failed to make a finding about whether there had been changed circumstances or whether the jury verdict was a prior decision on the merits. In addition, to the extent that defendant argues that the trial court's order represents an implicit finding of changed circumstances, such a finding was an abuse of discretion.

Changed Circumstances

In the case before us, there were no "clearly changed circumstances" in the weeks between when the trial court upheld certification on the eve of trial, and when it decertified the class after trial. Barliant, 74 Ill. 2d at 231. The opinions in Barliant, Key and Wernikoff all provide guidance concerning what constitutes "clearly changed circumstances." Barliant, 74 Ill.

6

2d at 231; Key, 176 Ill. App. 3d at 99; Wernikoff, 376 Ill. App. 3d at 232.

The "changed circumstances" requirement was first announced in Barliant, 74 Ill. 2d at 231. In that case, the representative plaintiff of the class became a partner in the law firm representing the class, during the time between certification and decertification. Barliant, 74 Ill. 2d at 231. Our supreme court held that this change did not qualify as a "clear change of circumstances." Barliant, 74 Ill. 2d at 231. Instead of decertification, the proper course would have been to disqualify the law firm and permit substitution of counsel. Barliant, 74 Ill. 2d at 231. In Key and more recently in Wernikoff, this court had occasion to apply the "changed circumstances" requirement. Key, 176 Ill. App. 3d at 99-100; Wernikoff, 376 Ill. App. 3d at 232-33. In Key, we upheld decertification, finding that the "substantially amended" pleadings constituted the "changed circumstances" that Barliant required. Key, 176 Ill. App. 3d at 99-100 (discussing Barliant). In Wernikoff, we reversed decertification, finding that the additional discovery did not amount to "changed circumstances" because the newly discovered facts affected only "each class member's possible recovery or ability to ultimately establish a cause of action against defendant." Wernikoff, 376 Ill. App. 3d at 232. This discovery "did not rise to the level of such a change as in Key, where the pleadings were amended after class certification." Wernikoff, 376 Ill. App. 3d at 232-33.

In the case before us, during the time between the trial court's pretrial decision confirming certification and its posttrial order reversing certification, there was no change in party plaintiffs, their counsel, the pleadings or discovery. Defendant argued that there was a change in both facts and law. Factually, defendant claimed "what Judge Starks only realized

7

after the trial was over – was that plaintiffs would not be able to prove either the existence of a class-wide nuisance or damages." However, defendant does not name any new facts presented at trial that were not known from prior discovery. As our supreme court held in Barliant, "mere feelings of error" are insufficient to justify decertification. Barliant, 74 Ill. 2d at 231. Legally, defendant points to our supreme court's decision in Avery v. State Farm Mutual Automobile Insurance Co., 216 Ill. 2d 100 (2005), as marking a change in the law governing class action. However, this decision was issued a couple of months before the trial court's approval of certification on October 19, 2005. Avery was decided on August 18, 2005. In addition, our supreme court in Avery specifically stated: "we have not fashioned any changes to the legal rules governing class actions, let alone ones that are 'hostile' to this procedural device." Avery, 216 Ill. 2d at 154. Thus we are not persuaded by defendant's claims of legally and factually "changed circumstances" because they do not exist. Barliant, 74 Ill. 2d at 231.

## Decision on the Merits

The trial court's decertification order was also precluded by a "decision on the merits," namely the jury's verdict and the trial court's order entering judgment on the verdict. 735 ILCS 5/2-802(a) (West 2006). First, this court notes that the legislators chose not to add the word "final" before the word "decision." Thus a "decision on the merits" is something different than a final judgment. When the Illinois legislature meant final judgment, it had no problem saying so, as it did, for example, in section 5/8.1 of the Appellate Court Act. 705 ILCS 25/8.1 (West 2006) (requiring "final judgments" before a party may appeal as of right to the appellate court). Second, the drafters of the federal rules recognized that "decision on the merits" meant

something different from "final judgment" when they chose to change the federal class action statute from the former phrase to the latter one. Fed. R. Civ. P. 23, Committee Notes on Rule - 2003 Amendments. The Illinois legislature has chosen not to make a similar change, so the "decision" in the statute before us does not have to be "final" to have a limiting effect on the power of the trial court.

Defendant concedes in its brief to this court that "it is true that there was a 'decision on the merits.' " Defendant then argues that "when the class was decertified, there was no longer 'a decision on the merits'" and thus the trial court had the power to decertify. This argument is bootstrapping.

In sum, the trial court applied improper legal criteria by failing to consider whether there had been changed circumstances and a decision on the merits. To the extent that its decision represented an implicit finding of changed circumstances, the trial court abused its discretion. Acting without changed circumstances and after a decision on the merits, the trial court simply lacked the statutory authority to issue the order that it did. As a result, this court must vacate the decertification order.

Other Orders and Issues

Since the orders granting a new trial and vacating the judgment on the jury verdict were based exclusively on the decertification decision, those orders must be vacated as well. 210 Ill. 2d R. 306(a) ("If the petition for leave to appeal an order granting a new trial is granted, all rulings of the trial court on the posttrial motions are before the reviewing court without the necessity of a cross-petition"). The trial court ordered a new trial solely because it decertified.

9

Decertification was ordered on November 3, 2006. A couple of weeks later, at a hearing held on November 19, the trial court decided to amend its prior order and grant new trials. The trial court ordered new trials, in order to make clear that even after decertification, the individual claims were alive and well. The trial court stated: "I'm granting a new trial because, again, the issue of these people's claims are <u>still</u> active and <u>still</u> live based on the law." (Emphasis added.)[2] On appeal, plaintiffs[3] and defendant[4] agree that the new trial order was based solely on decertification. Since the new trial order was based solely on decertification, once the

---

[2]The dissent disputes that the trial court's new trial ruling was based solely on decertification, since the trial court stated that the new trial was granted because the claims of the individual class members were "still alive." The point was that the claims were <u>still</u> alive, even after decertification.

[3]In its petition for leave to appeal, plaintiffs stated that the trial court "ordered a new trial based solely on the decertification ruling."

[4]Defendant agreed that the purpose of the new trial order was simply to preserve plaintiffs' individual claims after decertification. In its appellate brief, defendant explained: "Because it found that individual issues predominated, *** the court decertified the class. [Defendant] Clark suggested that the court should enter judgment against the named plaintiffs because they had chosen not to ask for individual verdicts. The court rejected that alternative, granting the named plaintiffs a new trial based on their individual claims and allowing former class members to intervene to try individual nuisance claims."

decertification order falls, so does the new trial order..

It is important to understand what we are, and what we are not deciding in this opinion. We are not reviewing certification. This case came to us, not on a direct appeal, but on a petition from an interlocutory order. Bishop v. We Care Hair Development Corp., 316 Ill. App. 3d 1182, 1189 (2000) (on the appeal of an interlocutory order, reversal is required only if trial court abused its discretion in granting or denying "the requested relief"). We granted the petition to hear a very limited question: the propriety of an interlocutory order decertifying a class after a jury verdict. And that question is easy to answer. The trial court simply had no authority to decertify. The two requirements were not met. There were no "clearly changed circumstances" (Barliant, 74 Ill. 2d at 231) and there was a prior "decision on the merits" (735 ILCS 5/2-802(a) (West 2006)). Thus the trial court's interlocutory order was invalid. To hold otherwise would require us to ignore both supreme court precedent and a statute, which obviously we cannot do.

Our decision today has no preclusive effect, except on the question of whether the trial court had the authority to decertify. Our supreme court has held that the denial of a petition to file an interlocutory appeal has no preclusive effect because it does not represent a decision on the merits. Kemner v. Monsanto Co., 112 Ill. 2d 223, 241 (1986), discussed with approval in Stephens v. Taylor, 207 Ill. 2d 216, 229-30 (2003) (Freeman, J., specially concurring) (denial has no "preclusive effect" because it is not a decision on "the relative merits").[5] Since our opinion

---

[5]An earlier supreme court case, Robbins v. Professional Construction Co., 72 Ill. 2d 215 (1978), reached the opposite conclusion from Kemner. However, the appellate court stated that

11

today is a decision on the merits of the interlocutory order only, our opinion does not have a preclusive effect on other issues, which may be raised later on direct appeal.

In addition, defendant's decision to request a new trial does not bar it from raising on direct appeal any claimed trial errors. In Stephens, our supreme court held that when a party moved for a new trial and that motion was granted, the party's "tactical decision to request a new trial foreclosed appellate review of all claimed errors in the first trial." Stephens, 207 Ill. 2d at 224. In other words, if you ask for a second trial and you receive it, you cannot complain about the first one. However, in the case at bar, since defendant is not receiving a second trial, it can still complain about the first and only trial and can still attack the certification of the class, on direct appeal.

The dissent does not challenge our rulings on the issues that we decide today: that there were no changed circumstances, that there was a decision on the merits, and that the trial court thus lacked authority to issue its decertification order. The dissent would have us review the pretrial certification orders and other issues raised in the posttrial motions. There is a good policy reason for us not to review the pretrial certification orders. It is the same policy reason that underlies the Illinois Supreme Court's requirement of "clearly changed circumstances" and the Illinois statute's requirement of no decision on the merits. Barliant, 74 Ill. 2d at 231; 735

---

"the Kenner opinion overruled Robbins sub silentio." Craigmiles v. Egan, 248 Ill. App. 3d 911, 918 (1993), discussed with approval in Stephens, 207 Ill. 2d at 229-30 (Freeman, J., specially concurring).

ILCS 5/2-802 (a)(West 2006). Namely: law of the case. At this late date, after everyone has relied on these certification rulings for years, it makes no sense to take the case away from the plaintiffs in the end zone – to rob them of even the opportunity of offering a plan to apportion damages. We are a court of review. It is not up to us, in the first instance, to imagine what plan the litigants and the trial court will work out. However, we will review it when we are asked to do so.

We are aware that Rule 306(a) gives us the authority to review "all rulings of the trial court on the posttrial motions." 210 Ill. 2d R. 306(a). There is no mandatory requirement in the rule that we engage in that review under all circumstances. While the Illinois Code of Civil Procedure requires a trial court to "rule upon all relief sought in all posttrial motions," no such requirement is placed upon an appellate court. 735 ILCS 5/2-1202(f) (2006). In the case at bar, the trial court's attention was focused almost entirely on the class decertification issue. In fact, the trial court's memorandum order states: "in light of the Court's ruling as to Class C Certification, the remaining issues raised by defendant are moot."

Our reluctance to go further than we have in this opinion does not reflect an unwillingness to decide issues that must be decided. We simply conclude that the fair and orderly administration of justice requires that in this case we review important issues that have been thoroughly and seriously litigated and considered. That has not happened yet. The record below is not adequate.

We share the dissent's concern for the age of the litigation and the costs to the parties, but we cannot allow that concern to distract us from our duty to decide issues when they are ready for

No. 1-07-0048

decision.

CONCLUSION

For the reasons stated above, the trial court's posttrial orders are vacated, the judgment on the verdict is reinstated, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded with instructions.

CAHILL, P.J., dissents.

WOLFSON, J., concurs.

PRESIDING JUSTICE CAHILL, dissenting:

I respectfully dissent. In what will undoubtably result in a second appeal, the majority has remanded the cause to the circuit court for further proceedings, presumably to reinstate the jury verdict and enter a final and appealable order. According to the majority, defendant will then have an opportunity to appeal the original certification order, as well as all other issues raised in defendant's motion for judgement notwithstanding the verdict or for a new trial.

Plaintiffs filed their notice of appeal under Supreme Court Rule 306(a)(1) (210 Ill. 2d R. 306(a)(1)), which allows interlocutory appeals from orders granting new trials. It used to be the law in this state over 40 years ago that, on appeal from an order granting a new trial, the reviewing court's jurisdiction was limited to deciding only whether the trial court abused its discretion in granting the new trial. See Keen v. Davis, 108 Ill. App. 2d 55, 64, 246 N.E.2d 467 (1969). This limitation on our jurisdiction ended in 1970, when subparagraph (2)(v) was added to paragraph (b) of Rule 366. See 134 Ill. 2d R. 366, Committee Comments, at 320 (subparagraph (2)(v) was added to abrogate the ruling in Keen). Subparagraph (b)(v) read: "If a petition under Rule 306 for leave to appeal from an order allowing a new trial is granted, all rulings of the trial court on the post-trial motions are before the reviewing court, notwithstanding the absence of a final judgment." 134 Ill. 2d R. 366(b)(2)(v). The committee comments explain that once an appeal from an order granting a new trial has been allowed, *"the whole case is before the reviewing court, and efficient judicial administration is advanced by disposing of all questions presented by the record."* (Emphasis added.) 134 Ill. 2d R. 366, Committee Comments, at 320.

Rule 306 was amended at the same time to eliminate the necessity of a cross-appeal: "If the

petition for leave to appeal an order granting a new trial is granted, all rulings of the trial court on the post-trial motions are before the reviewing court without the necessity of a cross-appeal." 134 Ill. 2d R. 306(a)(2); see also 134 Ill. 2d R. 306, Committee Comments, at 255. Subparagraph (2)(v) of paragraph (b) of Rule 366 was deleted in 1994 as duplicative of Rule 306. See 155 Ill. 2d R. 366, Committee Comments, at clxi ("[p]aragraph (b)(2)(v) is deleted because Rule 306 contains a substantively identical provision"). The rule as it exists today is: "If the petition for leave to appeal an order granting a new trial is granted, *all rulings* of the trial court on the posttrial motions are before the reviewing court without the necessity of a cross-petition." (Emphasis added.) 210 Ill. 2d R. 306(a). The majority quotes this language (slip op. at 9) and then proceeds to ignore it.

Rather than beginning with the trial court's order granting a new trial, the majority first looks to whether the trial court had authority to decertify the class when it did. Plaintiffs' petition for leave to appeal was not filed under subparagraph (a)(8) of Rule 306 (210 Ill. 2d R. 306(a)(8)), which provides for an appeal from an order granting or denying class certification. The first line of plaintiffs' petition for leave to appeal reads: "Pursuant to Illinois Supreme Court *Rule 306(a)(1)*, Plaintiffs respectfully petition this Court for leave to appeal from the order of the Circuit Court of Cook County, entered on December 8, 2006, *granting a new trial*." (Emphasis added.) Although the underlying rationale supporting the trial court's decertification was related to the rationale supporting a new trial, the orders themselves are distinct and require separate analysis.

The trial court's December 8, 2006, order denied plaintiffs' motion to reconsider the order of November 3, 2006. That order vacated the jury verdict and granted a new trial. The December 8 order, the subject of this appeal, incorporated the trial court findings contained in the November 3

order. In reaching those findings, the court began by addressing each of the five issues defendant raised in a posttrial motion challenging the jury verdict. Defendant asked for: (1) judgment notwithstanding the verdict on the ground that plaintiffs failed to prove injury to the absent class members; (2) decertification of Class C on the same ground; (3) a new trial based on alleged misconduct and evidentiary rulings; (4) remittitur of the compensatory damage award; and (5) vacation of the punitive damage award.

The trial court began its analysis with defendant's argument that Class C should be decertified because plaintiffs failed to prove injury to the absent class members. Defendant maintained throughout the litigation that plaintiffs could not prove injury to the entire class though the testimony of only a few class members who lived within the immediate vicinity of the refinery. The original certification order, entered June 8, 2000, does not meaningfully address defendant's argument. Without commenting on the obstacles to proving injury to the 6,000 individual class members within the context of a nuisance action, the court held that "it is very doubtful that proof of causation and individual damage determinations will become the object of most of the efforts of the litigants and the court." The court did not further explain this act of clairvoyance. Defendant's motion for reconsideration or, in the alternative, for Rule 308(a) certification to present the issue to the appellate court, was summarily denied. See 155 Ill. 2d R. 308(a) (trial court may certify for immediate appeal questions of law that involve substantial ground for difference of opinion and from which an immediate appeal would materially advance the ultimate termination of the litigation).

It was not until after trial that the problems inherent in plaintiffs' attempts to prove injury to the absent class members became evident to the trial court. The trial court explained:

"It does not take an expert to conclude that those class members living nearest to the refinery suffered more damages than those who lived near the borders [of the class area]. Furthermore, plaintiffs have failed to prove that absent class members suffered a substantial interference with the use and enjoyment of their property. The border class members, who might have only suffered odors, were never identified. It would be unlikely that everyone living within the Class C area sustained the same amount of damages.

\*\*\* This is a nuisance claim, which requires a showing of substantial interference with the use and enjoyment of [one's] property, which makes it a plaintiff specific issue. This particular claim would require individual analysis to determine whether there was a substantial interference with the use and enjoyment of each class member's property. At the very least, a determination would have to be made as to how different sections of the class area were affected."

The court held certification of Class C was improper on this ground and vacated the June 8, 2000, order.

Plaintiffs returned to court, seeking clarification of the November 3 order, which left unanswered plaintiffs' posture following decertification. The court declined entering judgment notwithstanding the verdict, holding there was sufficient evidence to support a finding for the plaintiffs who testified to their injury at trial. As to the absent plaintiffs, the court held their claims were still active and granted a new trial, giving the absent class members an opportunity to prove injury. This was the basis for the December 8, 2006, order from which this appeal arose.

1-07-0048

In my opinion, this court's first order of business is to decide whether the trial court abused its discretion by granting a new trial on the ground that plaintiffs failed to prove injury to the absent class members. Because no cross appeal is required to address other rulings made on defendant's posttrial motion (see 210 Ill. 2d R. 306(a)), this court should then consider the remaining issues briefed and argued by the parties on appeal, including whether: (1) judgment notwithstanding the verdict should have been entered for defendant; (2) the trial court erred in decertifying the class after judgment on the verdict was entered; (3) Class C should have been certified in the first instance; and (4) the damage awards are supported by the evidence.

In limiting the scope of review to whether the trial court had the authority to decertify the class after judgment was entered on the verdict, the majority says "[w]e granted [plaintiffs' petition for leave to appeal] to hear a very limited question: the propriety of an interlocutory order decertifying a class after a jury verdict." Slip op. at 11. We did nothing of the sort. We have no authority to limit arbitrarily our scope of review under Rule 306(a)(1) or ignore issues properly raised by the parties.

In a footnote, the majority quotes the statement made in plaintiffs' notice of appeal that the trial court vacated the jury awards and ordered a new trial "based solely on the decertification ruling." Slip op. at 10 n.3. This misstates the record. After finding that plaintiffs failed to prove damages to the absent class members, the court said: "in the absence of case law to the contrary, this [c]ourt will not enter judgment in favor of defendant but will order a new trial, if necessary, for those individuals who filed claims because their claims are still active." The court made clear that its decision to grant a new trial was based on a finding that the claims of the absent class members were

19

1-07-0048

"still alive." Otherwise, the court would have entered judgment notwithstanding the verdict. Interestingly, the majority, in a subsequent footnote, acknowledges this but still maintains in the body of the order that the trial court's order granting a new trial was based exclusively on its decertification of Class C (slip op. at 10 n.4).

Recognizing that there are other issues unresolved in this case, the majority suggests that its opinion "has no preclusive effect, except on the question of whether the trial court had the authority to decertify." Slip op. at 11. The majority cites Kemner v. Monsanto Co., 112 Ill. 2d 223, 241, 492 N.E.2d 1327 (1986), and the concurring opinion in Stephens v. Taylor, 207 Ill. 2d 216, 229-30, 797 N.E.2d 679 (2003) (Freeman, J., specially concurring), for the rule of law that the denial of a petition for interlocutory review has no *res judicata* effect. The majority does not explain how Kemner and Stephens, which apply when a Rule 306(a)(1) petition is denied, should also apply when the petition is granted.

In granting plaintiffs' petition for leave to appeal under Rule 306(a)(1), this court acquired jurisdiction to consider not only the grant of a new trial, but also all other rulings on defendant's posttrial motion. The majority has decided to limit the scope of review to the trial court's decertification order--an order not directly appealed. As a result, the parties and the courts will have to absorb the additional expense of a second appeal, not to mention the fact that this case is already in its twelfth year of litigation and the rights and liabilities of the parties have not yet been decided. It is for this reason that I dissent from the majority opinion.

Although I limit my dissent to the majority's position that this court need not decide the remaining issues raised by the parties in this appeal, I note that the majority has felt no need to

20

address <u>Smith v. Illinois Central R.R. Co.</u>, 223 Ill. 2d 441, 448, 860 N.E.2d 332 (2006). Decided while this case was pending in the trial court, the court in <u>Smith</u> explains why the class action device in unsuitable for claims such as the one brought by plaintiffs here. <u>Smith</u>, 223 Ill. 2d at 448-58 (and cases cited therein); see also <u>Georgia-Pacific Corp. v. Carter</u>, 371 Ark. 295, --- S.W.3d --- (2007) (application of rule cited in <u>Smith</u> to nuisance actions). Returning this case to the trial court without guidance on how to address renewed motions for judgment notwithstanding the verdict or for a new trial reveals the fault lines in the majority's analysis of the scope of our review when a petition for leave to appeal under Rule 306(a)(1) is granted. No matter how the trial court rules on these renewed motions, this case is certain to be back before us, raising the same issues that the parties have already briefed and argued here.

Finally, in response to this dissent, the majority has enlarged its rationale for reinstating a $120 million jury verdict without reviewing the alleged errors that brought it about. The majority now employs public policy to buttress its position that it need not, and should not, address the substantive issues giving rise to this appeal. Notably absent from the majority's response is a reaction to the observation that <u>Kemner</u> and the concurring opinion in <u>Stephens</u> have no relevance in a case such as this one where a Rule 306(a)(1) petition is allowed.

The majority says its decision to forego review of the original certification order rests on sound policy, "[n]amely: law of the case." Slip op. at 13. The doctrine to which the majority refers "applies in situations where questions of law were decided in a previous trial or a previous appeal, so as to be binding on the trial court or appellate court in a subsequent proceeding." <u>Rosner v. Field Enterprises, Inc.</u>, 205 Ill. App. 3d 769, 806, 564 N.E.2d 131 (1990). It does not apply here. That

21

plaintiffs relied on the original certification order in the face of two motions to reconsider and a posttrial motion to decertify is unlikely given the experience of plaintiffs' counsel. See Catlett v. Novak, 116 Ill. 2d 63, 68, 506 N.E.2d 586 (1987) (interlocutory orders can be reviewed, modified or vacated at any time before final judgment).

The majority continues its critique by acknowledging the scope of review under Rule 306(a)(1). Yet the majority, without citation to authority, claims there is no mandatory requirement that an appellate court exercise full review. Here is where sound public policy comes into play. "Implicit in entertaining any interlocutory order is the hazard that piecemeal appeals will burden the efficacious administration of justice and unnecessarily protract litigation, thus inconveniencing the parties with the costs and delay of separate appeals." In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1094 (5th Cir. 1977), cited with approval in Burtell v. First Charter Service Corp., 76 Ill. 2d 427, 435, 394 N.E.2d 380 (1979). To remand this cause to the circuit court for entry of a final and appealable order so that the parties may file a new appeal raising the same issues that have already been fully briefed here is a "drain of judicial resources." See People v. Morris, 135 Ill. 2d 540, 550-51, 554 N.E.2d 150 (1990) (failure of appellate court to consider sufficiency of the evidence against a defendant before remanding for a new trial would likely result in a needless second appeal). As our supreme court found in Nelson v. Union Wire Rope Corp., 31 Ill. 2d 69, 112-13, 199 N.E.2d 769 (1964), I believe there are "unique circumstances here which, as a matter of discretion and justice, impel us to use our powers on review to the utmost and to finally dispose of the case."

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

## (Front Sheet to be attached to each Opinion)

| | |
|---|---|
| **Please use the following form:** | ] |
| | ] **PRISCILLA ROSOLOWSKI, n/k/a Priscilla Kusiolek, et al.,** |
| | ] **Plaintiffs-Appellants,** |
| | ] **v.** |
| | ] **CLARK REFINING and MARKETING,** |
| | ] **Defendant-Appellee.** |
| **Complete TITLE of Case.** | ] |

---

| | |
|---|---|
| **Docket No.** | ] _____ **No. 1-07-0048** |
| **COURT** | ] **Appellate Court of Illinois** ] **First District, First Division** |
| **Opinion Filed** | ] _____ **JUNE 16, 2008** ] **(Month, Day and Year)** |

---

| | |
|---|---|
| **JUSTICES** | ] **JUSTICE ROBERT E. GORDON delivered the opinion of the court.** |
| | ] **CAHILL, P.J., dissents, WOLFSON, J., concurs.** |

---

| | |
|---|---|
| **APPEAL from the Circuit Court of Cook County; the Hon:_____** | ] Lower Court and Trial Judge(s) in form indicated in margin: ] Appeal from the Circuit Court of Cook County. |

1-07-0048

| Judge Presiding | ] Honorable Cheryl A. Starks, Judge Presiding. |
|---|---|

| For APPELLANTS | ]Indicate if attorney represents APPELLANTS or |
|---|---|
| John Doe of | ]APPELLEES and include attorneys of counsel. |
| Chicago. | ]Indicate the word NONE if not represented. |
| For APPELLEES, | ]------------------------------------------------------------------------------------- |
| Smith and | ]        Jenner & Block |
| Smith, of | ]        Chicago, Illinois   60601 |
| Chicago. | ]        Attorneys for Appellants |
| Brown, | ]        Attn: Jerold S. Solovy; Benjamin K. Miller; Barry Levenstam; |
| of Counsel. | ]            Irina Y. Dmitrieva and April A. Ottenberg |
| | ]            OF COUNSEL |
| | ] |
| | ] |
| Also add atty. | ] |
| for third party | ]        Mary Ann Pohl, P.C. |
| appellants | ]        Chicago, Illinois 60602 |
| or appellees. | ]        Attorney for Appellants |
| | ]        Attn: Mary Ann Pohl |
| | ]            OF COUNSEL |
| | ] |
| | ]        Robert J. Wagner, P.C. |
| | ]        Crystal Lake, Illinois   60014 |
| | ]        Attorney for Appellants |
| | ]        Attn: Robert J. Wagner |
| | ]        OF COUNSEL |
| | ] |
| | ]        Joseph Witkowski & Associates |
| | ]        LaGrange, Illinois   60525 |
| | ]        Attorneys for Appellants |

1-07-0048

<pre>
]
]        Shea, Rogal & Associates
]        LaGrange, Illinois   60525
]        Attorneys for Appellants
]        Attn: Gerald W. Shea and Ira Rogal
]             OF COUNSEL
]
]        Mayer, Brown LLP
]        Chicago, Illinois   60606
]        Attorneys for Appellee, Clark Refining & Marketing, Inc.
]        Attn: John C. Berghoff, Jr. and Michele Odorizzi
]             OF COUNSEL
]
</pre>

_____(USE REVERSE SIDE IF NEEDED_____