COURT OF APPEALS
DECISION
DATED AND FILED

July 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1262**

Cir. Ct. No. 2020CV5706

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

SHERLETI FREEMAN,

PLAINTIFF-RESPONDENT,

V.

SL GREENFIELD, LLC AND SENIOR LIFESTYLE CORPORATION,

DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Vacated and cause remanded*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. SL Greenfield, LLC and Senior Lifestyle Corporation (collectively, "SL Greenfield") appeal a circuit court order certifying a class action. SL Greenfield also seek review of the circuit court's denial of their oral motion for a continuance of the hearing on class certification. We conclude that we only have jurisdiction over the order certifying the class. Because the circuit court did not fully comply with the statutory requirements for an order certifying a class, we vacate the order and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶2 This appeal arises from a complaint filed by Sherleti Freeman on September 28, 2020, alleging that SL Greenfield engaged in systemic violations of Wisconsin's wage payment and collection laws at several independent living and assisted living facilities throughout Wisconsin. Specifically, Freeman alleges that SL Greenfield have unlawfully failed to pay certain senior care workers for short rest breaks and meal periods lasting less than thirty minutes, resulting in the denial of compensation and overtime pay.

¶3 After serving the original summons and complaint on October 27, 2020, Freeman filed an amended summons, and then served the amended summons with the complaint on December 15, 2020. SL Greenfield have acknowledged that service was completed on December 15, 2020. SL Greenfield did not, however, respond to the complaint.

¶4 On April 16, 2021, Freeman filed a motion for class certification, accompanied by two affidavits and numerous exhibits. The circuit court set the matter for hearing on May 13, 2021. A few hours before the hearing on May 13, two attorneys filed notices of appearance on behalf of SL Greenfield. One of

SL Greenfield's attorneys appeared at the May 13 hearing and informed the circuit court that he "was first contacted at 7 p.m." on May 12, and was "woefully unprepared to address any of the substantive issues [regarding] the [Freeman's] motion for class certification." SL Greenfield's attorney asked "for a little more time from the Court … to have an opportunity to figure out what happened here and … take a position on the motion for class certification."

¶5    Freeman responded that "[she] would oppose a motion for an extension of time" because "[SL Greenfield] had six months to appear and waited to do so until the morning of this class certification hearing." Freeman asked the court to grant her motion for class certification as unopposed and suggested that SL Greenfield's attorney could talk to his clients and then potentially file a motion for relief from the court's order under WIS. STAT. § 806.07 (2021-22).[1] The court responded, "Yes, I agree with that."

¶6    Turning to Freeman's motion for class certification, the court stated,

> I can't even say that I can … I spent a lot of time trying to get my head around the nub of this dispute. I've gotten so far as to understand that there's a claim that a full thirty-minute meal break was not being accorded or not properly being accounted for which resulted in them not being paid for statutorily-required breaks. They should have been paid because they weren't long enough, is my understanding. And that then feeds into a claim that they also weren't being paid overtime. So that's about as far as I got.

The circuit court concluded that it had "some understanding of the dispute" and would "certify the class and we'll see where we go with any motion for relief from that determination."

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶7 The circuit court then signed the order proposed by Freeman granting the unopposed motion for class certification. The order incorporated the "reason stated on the record" and provided, in part, that:

> The [c]ourt certifies the following class, which meets the requirements of WIS. STAT. § 803.08(1) and WIS. STAT. § 803.08(2) as set forth in [Freeman's] Memorandum in Support of Motion for Class Certification and Authorization of Notice and supporting affidavits, for the purpose of maintaining this action as a class action as to those claims alleged in [Freeman's] Complaint together with all issues of law or fact attendant thereto.

¶8 The order defined the class as "[a]ll current and former hourly-paid, non-exempt employees employed by [SL Greenfield] in the State of Wisconsin from September 28, 2018 through to the date that Notice of the class is given."

¶9 On June 3, 2021, SL Greenfield filed a motion for relief from the order certifying the class, together with a motion for leave to extend the responsive pleading deadline. Among other things, SL Greenfield argued that relief from the certification order was warranted due to excusable neglect. SL Greenfield also argued that the circuit court did not satisfy the requirements of WIS. STAT. § 803.08, because its order "does not perform any analysis or make any specific findings that the elements of Section 803.08 are satisfied." As a result, SL Greenfield argued that they were "left without insights into the factual or legal bases for the Court's decision." Although SL Greenfield contended that relief from the order would "allow [SL Greenfield] to fully brief class certification," their motion outlined arguments for why class certification was not appropriate. SL Greenfield further stated that they would "likely have additional arguments on class certification depending on whether the Court allows [SL Greenfield] to extend the deadline to file a responsive pleading."

¶10 Freeman opposed SL Greenfield's motions, arguing that SL Greenfield had failed to establish excusable neglect. Freeman further argued that permitting SL Greenfield to make additional arguments on class certification would be prejudicial because "[r]elitigating the class certification process will, at a minimum, be exceedingly expensive, and the potential for Freeman to effectuate notice on absent Class members becomes a greater challenge over time as last known addresses become outdated." Freeman also challenged the factual and legal grounds for SL Greenfield's arguments against class certification. In response to SL Greenfield's argument that the circuit court's order granting class certification was not sufficiently detailed, Freeman contended that "[t]his Court's Decision and Order required a rigorous analysis of the factors enumerated in WIS. STAT. §§ 803.08(1)-(2), such that there has been judicial consideration of the merits of Freeman's Motion for Class Certification."

¶11 During the hearing on SL Greenfield's motions, the circuit court initially disagreed with SL Greenfield's assertion that its order did not comply with statutory requirements. SL Greenfield directed the court's attention to the recent amendments to WIS. STAT. § 803.08, specifically the requirement in § 803.08(11)(a), that class certification be made "on the basis of a written decision setting forth all the reasons why the action may be maintained and describing all evidence in support of the determination." SL Greenfield argued that the court needed to issue "a more comprehensive written decision" in order to comply with this statutory requirement. Freeman contended that the order was sufficient, but also stated that the court could alter or amend its order rather than vacating it. SL Greenfield agreed that § 803.08(11)(a) permitted the circuit court to alter or amend its order.

¶12 The circuit court concluded that SL Greenfield had failed to establish excusable neglect and that there were no other extraordinary circumstances justifying relief from the court's order. Therefore, the court denied SL Greenfield's motion to vacate its order granting class certification. The court further stated that it would "take a look at that 803.08 thing and clean up the record in that regard." The court explained that "based on the materials that were before me at that time, I didn't have any doubt that the standards were met." The court stated that it was not sure whether it would memorialize its decision regarding class certification and make it retroactive or whether it would ask Freeman to file a proposed amended order. Freeman asked the court to issue an order "that lays out findings and reasons consistent with WIS. STAT. § 803.08(11)(a)" so that the parties would have an opportunity to appeal its contents.

¶13 On July 8, 2021, the circuit court issued a letter order ("the July 8 letter order") to address SL Greenfield's argument that the court's class certification order was not supported by a written decision as required by WIS. STAT. § 803.08(11)(a). In reaffirming its prior order certifying the class, the court "particularly not[ed] [SL Greenfield's] failure to timely respond to the motion to certify the class, but [was] still mindful of [its] duty to rigorously analyze whether the proposed class meets certification requirements of the statute." The court set forth its analysis in a single paragraph plus one additional sentence:

> It is highly likely there are 500 or more class members. This litigation will answer the question common to all proposed class members: Were they or were they not fully compensated for all hours worked given the practice of the uniform "rounding" allegedly used by the defendants. Ms. Freeman's claim is typical—identical is a more apt description—of those proposed class members relying on the same alleged facts and theory of liability, i.e. the "rounding" practice is inconsistent with Wisconsin law. In that, I can conceive of no inadequacy in Ms. Freeman's representation of the class nor any potential conflict of

interest. Certainly the quality of representation to date in this litigation by Mr. Potteiger has been substantially beyond adequate without factoring in prior representational experience in this arena.

Finally, the relief sought meets the requirements of 803.08(2)(a)1[.] and (c) in my view.

¶14 On July 21, 2021, SL Greenfield filed a notice of appeal from the July 8 letter order. On August 11, 2021, the circuit court entered an order denying SL Greenfield's motion for leave to extend responsive pleading and for relief from the order on class certification.

## DISCUSSION

### 1. We Lack Jurisdiction Over the Question of Whether the Circuit Court Erroneously Exercised its Discretion in Declining to Continue the Hearing on Class Certification

¶15 The first issue raised by SL Greenfield is whether the circuit court erroneously exercised its discretion in denying their oral motion for a continuance before ruling on Freeman's motion to certify the class. Specifically, during the May 13 hearing, SL Greenfield asked for "a little more time from the court … to take a position on the motion for class certification." Freeman argues that SL Greenfield only made an oral motion for an extension of time, rather than a motion for a continuance, and that SL Greenfield is trying to re-characterize their request in order to avoid the circuit court's conclusion that SL Greenfield failed to establish excusable neglect. The record appears to support Freeman's argument, because SL Greenfield did not contend that their request was an oral motion for a

continuance until their brief on appeal,[2] nor have SL Greenfield previously raised the specific argument that the circuit court erred in denying such a motion.[3] Nonetheless, even if SL Greenfield did make such a motion and also preserved its right to appeal its denial, Freeman argues that we lack appellate jurisdiction over this issue for two reasons.

¶16    First, Freeman argues that a denial of a motion for a continuance is not a final order that SL Greenfield may appeal as of right.  *See* WIS. STAT. § 808.03(1) ("A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties").  Instead, SL Greenfield would need this court's permission to file an interlocutory appeal of this order.  *See* WIS. STAT. § 809.50(1).  SL Greenfield argues that "their challenge to the denial of their request for a continuance is not a separate appeal [but] simply one of the issues raised by [SL Greenfield] in challenging the order granting class certification."

¶17    We agree with Freeman that the denial of a motion for a continuance is a non-final order that may not be appealed without this court's permission.  *See* WIS. STAT. § 808.03(1)-(2).  We also reject SL Greenfield's argument that they properly raised this issue as part of their appeal of the July 8 letter order. SL Greenfield has a statutory right to appeal the circuit court's class certification order pursuant to WIS. STAT. § 803.08(11)(b), which provides that "[a]n appellate court shall hear an appeal of an order granting or denying class action certification,

---

[2] During the May 13 hearing, Freeman characterized SL Greenfield's request as a motion for an extension of time.  SL Greenfield did not challenge this characterization.  In a post-hearing motion, SL Greenfield characterized their request to the court as a "request to adjourn the matter."

[3] In their motion for relief from the class certification order, SL Greenfield did not specify that they were seeking relief from the circuit court's denial of their oral motion for a continuance.

or denying a motion to decertify a class action, if a notice of appeal is filed within 14 days after entry of the order." We see nothing in this provision that would permit SL Greenfield to appeal other non-final orders.

¶18     SL Greenfield also argues that a class may not be certified by default. *See Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003). *Davis* only stands for the proposition that the entry of default does not automatically lead to class certification. *Id.* at 648. Instead, the trial court has an "independent duty … to determine by order that the requirements" for class certification are satisfied. *Id.* at 649. We see nothing in *Davis* to suggest that a trial court must permit a defendant who is in default to weigh in on its determination regarding class certification. Thus, *Davis* does not support SL Greenfield's argument that they may appeal the denial of their motion for a continuance as part of their appeal of the class certification order.

¶19     Freeman's second argument for why we only have appellate jurisdiction over the appeal of the July 8 letter order is that SL Greenfield's notice of appeal did not specify that they were seeking to appeal any other order. "An effective notice of appeal is jurisdictional." *Jadair Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 211, 562 N.W.2d 401 (1997). In order for an appellate court to have jurisdiction, the appellant must file a timely notice of appeal that identifies "the judgment or order from which the person filing the notice intends to appeal." WIS. STAT. § 809.10(1)(b). The circuit court denied SL Greenfield's request for more time when it made its oral ruling to grant Freeman's motion for class certification on May 13, 2021, and issued its written order on class certification on May 26, 2021.

9

¶20    In contrast, SL Greenfield's notice of appeal only refers to the circuit court's July 8 letter order.  That letter order only addresses SL Greenfield's argument that the court had failed to issue a written decision on class certification as required by WIS. STAT. § 803.08(11)(a).  The July 8 letter order does not address the court's decision to deny SL Greenfield's request for more time.  As explained above, SL Greenfield has not identified any authority to suggest that their statutory right to appeal a class certification order permits it to appeal any other non-final orders.  Accordingly, we conclude that we do not have appellate jurisdiction over SL Greenfield's appeal of any orders, other than the July 8 letter order.  *See Jadair Inc.*, 209 Wis. 2d at 211 ("[W]hen a notice of appeal is flawed, the court of appeals lacks jurisdiction to hear the appeal").

### 2. The Circuit Court Did Not Comply with the Statutory Requirements for Class Certification

¶21    The second issue raised by SL Greenfield is whether the circuit court properly certified Freeman's claims as a class action.  As explained above, SL Greenfield has a statutory right to appeal an order granting class certification by filing a notice of appeal within fourteen days.  *See* WIS. STAT. § 803.08(11)(b). Freeman agrees that by filing a notice of appeal on July 21, 2021, SL Greenfield "ha[s] invoked [this court's] jurisdiction to review" the July 8 letter order.

¶22    Freeman contends that, by failing to oppose her motion for class certification, SL Greenfield has waived any challenge to the July 8 letter order.  *See State v. Huebner*, 2000 WI 59, ¶12, 235 Wis. 2d 486, 611 N.W.2d 727 (2000) (explaining that the waiver rule "gives both parties and the trial judge notice of the issue and a fair opportunity to address" an issue and also "prevents attorneys from 'sandbagging' errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal" (citations omitted)).

Freeman concedes, however, that there is no published Wisconsin authority to support the application of the waiver rule to a class certification order. Instead, Freeman points to an unpublished but citable decision, ***Kenneth F. Sullivan Co. v. McManamy***, Nos. 2011AP1110 and 2011AP228, unpublished slip op. (WI App Apr. 19, 2012). We do not find this decision to be instructive regarding any of the issues in the present case.

¶23    SL Greenfield argue that a class may not be certified by default. *See* ***Chesemore v. Alliance Holdings, Inc.***, 276 F.R.D. 506, 510 (W.D. Wis. 2011) ("'Allowing certification by default … with no independent analysis or determination by the district judge,' would undermine the purpose of … 'protecting absent class members whose rights may be affected by the class certification'" (quoting ***Davis***, 321 F.2d at 648)); *see also* ***Bustillos v. Board of Cnty. Comm'rs***, 310 F.R.D. 631, 649 (D.N.M. 2015) ("Because of the res judicata effect a class judgment has on absent parties, a court may not simply accept the named parties' stipulation that class certification is appropriate, but must conduct its own independent rule 23 analysis." (citing ***Amchem Prods., Inc. v. Windsor***, 521 U.S. 591, 620-22 (1997)); ***Cohen v. Blockbuster Ent., Inc.***, 878 N.E.2d 132, 138 (1st Dist. 2007) ("Regardless of whether a motion for certification is unopposed, the trial court has an independent obligation to ensure that a class action is indeed appropriate and to protect absent class members even where there is no opposition to the certification.").

¶24    The weight of authority supports SL Greenfield's argument that we have an independent obligation to determine whether the circuit court has properly certified the class. We are particularly persuaded by the fact that allowing a claim to proceed as a class action has a binding effect on absent class members. *See* ***Amchem Prods., Inc.***, 521 U.S. at 621 (explaining that the safeguards governing

11

class certification "focus court attention on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representative").

¶25 We next address the legal standards in WIS. STAT. § 803.08 which permits circuit courts to certify class actions. A class action may only be maintained if the circuit court finds that four prerequisites are satisfied. *See* § 803.08(1). Specifically, the court must determine:

> (a) numerosity, meaning "[t]he class is so numerous that joinder of all members is impracticable";
>
> (b) commonality, meaning "[t]here are questions of law or fact common to the class";
>
> (c) typicality, meaning "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class"; and
>
> (d) adequacy of representation, meaning "[t]he representative parties will fairly and adequately protect the interests of the class."

*Id.* In addition to these four prerequisites to class certification, the court must find that the class fits into at least one of the types specified in § 803.08(2). Section 803.08(2)(a)-(c) provides in part:

> (2) Types of class actions. A class action may be maintained if sub. (1) is satisfied and if the court finds that any of the following are satisfied:
>
> (a) Prosecuting separate actions by or against individual class members would create a risk of either of the following:
>
> 1. Inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.
>
> 2. Adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual

12

adjudications or would substantially impair or impede their ability to protect their interests.

(b) The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

(c) The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include all of the following:

1. The class members' interests in individually controlling the prosecution or defense of separate actions.

2. The extent and nature of any litigation concerning the controversy already begun by or against class members.

3. The desirability or undesirability of concentrating the litigation of the claims in the particular forum.

4. The likely difficulties in managing a class action.

Furthermore, an order certifying a class must be made by "a *written decision* setting forth *all* reasons why the action may be maintained and describing *all* evidence in support of the determination." Sec. 803.08(11)(a) (emphasis added).

¶26 The "decision to grant or deny a motion for class certification is committed to the [circuit] court's discretion." *Shannon v. Mayo Clinic Health Sys. – Nw. Wis. Region*, 2021 WI App 49, ¶12, 398 Wis. 2d 685, 963 N.W.2d 115 (citing *Harwood v. Wheaton Franciscan Servs., Inc.*, 2019 WI App 53, ¶41, 388 Wis. 2d 546, 933 N.W.2d 654). "A circuit court properly exercises its discretion when it considers the facts of record and reasons its way to a rational, legally sound conclusion." *Id.* A court erroneously exercises its discretion when it "fail[s] to set forth the reasoning underlying its decision." *Siva Truck Leasing, Inc. v. Kurman Distribs.*, 166 Wis. 2d 58, 72, 479 N.W.2d 542 (Ct. App.

1991). "Whether the certification decision … comports with [WIS. STAT. § 803.08(11)] is a question of law that we review de novo." *Shannon*, 398 Wis. 2d 685, ¶13 (citing *Williams v. General Elec. Cap. Auto Lease, Inc.*, 159 F.3d 266, 272 (7th Cir. 1998); *In re Am. Cont'l Corp./Lincoln S&L Sec. Litig.*, 49 F.3d 541, 543 (9th Cir. 1995)).

¶27    SL Greenfield makes a procedural argument that the July 8 letter order does not comply with the requirements of WIS. STAT. § 803.08(11)(a), as well as substantive arguments that the prerequisites for a class action set forth in § 803.08(1) and (2) have not been satisfied.

¶28    SL Greenfield's procedural argument is that the July 8 letter order is not sufficiently detailed to satisfy "the plain language of [WIS. STAT. § 803.08(11)(a)]." Specifically, SL Greenfield argues that the circuit court's written decision on class certification must "(1) set forth the court's reasoning; and (2) describe the evidence upon which the court relied." *See* § 803.08(11)(a). In contrast, the "letter order sets forth cursory conclusions that the class claims satisfy" each of the four requirements for certifying a class under § 803.08(1), and does not provide any reasoning regarding the types of class actions under § 803.08(2). SL Greenfield further argues that the July 8 letter order "offers no meaningful discussion of the trial court's reasons for reaching those conclusions," nor does it "describe any evidence supporting the trial court's determination."

¶29    Freeman argues that the original order certifying the class taken together with the July 8 letter order are sufficient to satisfy the requirements of WIS. STAT. § 803.08(11)(a). We disagree with the premise of Freeman's argument, because that statutory provision requires the circuit court to set forth "all" of its reasons and "all" of its evidence in "a written decision[.]" *See* § 803.08(11)(a).

Accordingly, our analysis is limited to whether the July 8 letter order contains the required level of detail.

¶30     On this procedural issue, we agree with SL Greenfield that the circuit court's letter order is not sufficiently detailed to satisfy the requirements of WIS. STAT. § 803.08(11)(a).  In ***Shannon v. Mayo Clinic Health System – Northwest Wisconsin Region***, we concluded that a circuit court's order certifying a class was deficient because it did not describe any evidence that supported its conclusions. *See id.*, 398 Wis. 2d 685, ¶15.  Similarly, the July 8 letter order does not identify, much less "describe" any evidence to support its determinations, with the possible exception of the court's observation that "the quality of representation to date … has been substantially beyond adequate."  Even that reference is facially insufficient because the court made its determination without considering the factors identified in § 803.08(12)(b), which includes "[c]ounsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."  By opting not to consider the attorney's prior representational experience, the circuit court could not have satisfied its obligation to "describe all evidence in support of [its] determination." *See* § 803.08(11)(a).

¶31     We also agree with SL Greenfield that the circuit court erroneously exercised its discretion by not sufficiently setting forth the reasoning for its decision. *See **Siva Truck Leasing, Inc.***, 166 Wis. 2d at 72.  In particular, the court did not provide any reasons for its determination that the class may be certified under WIS. STAT. § 803.08(2)(a)1. and (c).  Instead, the court merely stated that "the relief sought meets the requirements of 803.08(2)(a)1[.] and (c) in my view."  Also, while the court offered a few reasons to support its determination that the four prerequisites in § 803.08(1) were satisfied, we question whether the court included "all" of its reasons for making each determination, particularly in light of the parties'

15

lengthy briefing of the substantive issues. A more detailed order that evaluates each prerequisite will help ensure that the court has complied with § 803.08(11)(a). Likewise, an order that describes the specific evidence supporting each determination will help demonstrate that the court has properly exercised its discretion in certifying the class. *See **Shannon***, 398 Wis. 2d 685, ¶12 ("A circuit court properly exercises its discretion when it considers the facts of record and reasons its way to a rational, legally sound conclusion.").

¶32 Because we are vacating the class certification order based on SL Greenfield's procedural argument under WIS. STAT. § 803.08(11)(a), we do not address the parties' substantive arguments regarding whether the requirements for class certification are satisfied. Instead, we remand the matter for further proceedings consistent with this order.

*By the Court.*—Order vacated and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.